In the Matter of the Judicial Settlement of the Account of Proceedings of SARAH LEVERETT HAYDEN and Others, Executors, etc., of PETER HAYDEN, Deceased.

77h 219
f162a144

*Will — accumulation of income — income of an estate pending administration.*

Under the prohibition of the Revised Statutes (1 R. S. 726, § 37), there can be no accumulation of income except for the benefit of a minor, and such accumulation must terminate at the expiration of the minority.

In the ordinary administration of an estate, where provision is made by a parent for his widow and children, the usual construction is that the income of the estate received pending the period of administration shall not, unless necessary for the payment of debts, be considered as a part of the estate to be distributed as principal, but shall be paid over to the persons to whom the income of the principal of the estate is devised or bequeathed, for their maintenance during the period of administration.

A testator has no power by any means, direct or indirect, to prevent the absolute vesting of the income derived from his estate in somebody, and he can only direct any portion of such income to be accumulated during the minority of the owner of that share of his estate from which it is derived.

The will of a testator creating trusts considered and construed.

APPEAL by Sarah Leverett Hayden and others, executors and trustees under the will of Peter Hayden, deceased, from so much of

the decree of the Surrogate's Court of the county of New York, entered in the office of the clerk of the New York Surrogate's Court on the 27th day of November, 1893, as orders, adjudges and decrees that the beneficiaries of the residuary estate of the said testator are now entitled to share in the surplus income of the funds set apart for the widow and daughters of the testator.

*Jno. Notman*, for the appellants.

*G. A. Strong*, for the respondents.

VAN BRUNT, P. J. :

Peter Hayden, the testator, died on the 6th of April, 1888, leaving him surviving his widow, three sons, two daughters, a granddaughter and grandson, children of a deceased daughter, his heirs and next of kin. On the 30th of March, 1886, said testator duly executed his will, in which, after having given, devised and bequeathed certain property to his widow, he directed his executor to set apart out of his estate, and invest and keep securely invested a sum sufficient to produce a net yearly income of $20,000 and to pay said net yearly sum to his wife, and at her death he provided that the annuity should cease and *the principal sum* directed to be set apart to provide said annuity should, after accounting for and paying to her personal representatives any balance of the annuity unpaid at the date of her death, revert to and became a part of his residuary estate. The testator then provided that should there be in any years a deficiency of income from the trust fund set apart as above directed, such deficiency should be made good out of his general estate. After making certain provisions for his sons, the testator established annuities for his two daughters, in each case providing that upon the death of the annuitant without issue *the principal sum* which had been set apart to provide the annuity should revert to and become a part of his residuary estate. The testator then directs his executors to provide annuities for his two grandchildren, the children of his deceased daughter, amounting to $6,000 per year for each of said children. He then provided that his executors should apply the income as fast as received by them to the use of the child which each annuity represented during the minority of such child so far as might be necessary for the support

and education of such child, and then provided that any surplus income should be accumulated, etc. The testator further provided that, in respect to these annuities, also they should be made good out of his general estate. The testator then disposes of all the rest, residue and remainder of his estate (including all sums which should on the termination of any life, as in said will provided, revert to his estate) as follows :

"All the rest, residue and remainder of my estate which shall come into the possession of my executors after making full provision for all the trusts and payments hereinbefore directed, including all sums which shall, on the termination of any life, as hereinbefore provided, revert to my estate, shall constitute my residuary estate, and I hereby give, devise and bequeath the same, wherever situated, unto my executors hereinafter named, or such of them as shall qualify under this will, and the survivors and survivor of them, to have and to hold the same and every part and parcel thereof in trust, to divide the same and the proceeds of sale of such portions thereof as they may sell under the power of sale hereinafter given, into as many equal parts as I shall leave surviving me children and the issue of any deceased child, such issue of any deceased child to stand in the place of their parent, one share to represent each child and the issue of any deceased child, *per stirpes*, and to pay over to each child the share representing such child, and to the issue of any deceased child the share of such issue ; the share of any minor to be paid to the guardian of such minor. Such division and payment shall be made from time to time as my residuary estate shall be received by my executors, and shall be capable of division and distribution ; but in no case shall any such division or distribution be made until ample provision has been made, as hereinbefore specified, for each and all of the trust funds hereinbefore directed, and any loss, deficiency or impairment of either of the same shall be made good out of my residuary estate before any such division or distribution, my object being to secure to my daughters and grandchildren hereinbefore named the annual income provided for them respectively before any division of my residuary estate."

On the 19th of May, 1886, the testator made a codicil to his will, by which he directed that the principal of the several shares of his daughters, then living, in his residuary estate should, as fast as ascer-

tained from time to time by his executors, instead of being paid to his said daughters respectively, be retained by the executors and kept safely invested, and the income only thereof should be paid to his daughters respectively during life, and on the death of either *the principal* of the share of such daughter should belong and be paid to the lawful issue of such daughter, and in default of issue should belong to and be divided in equal parts amongst his sons and the children of another deceased daughter of his.

The executors and trustees of the will of the testator duly constituted the trusts provided for by said will, and during the course of administration certain income was received by them from the rest, residue and remainder of the estate. It also turned out that a larger amount of income was received from the securities set apart for the production of the annuities than was required for that purpose, and the question which is presented upon this appeal is, whether such amounts of income which, under the will, would have been paid to the two daughters of the testator, upon division of the estate, are to be held as principal by the executors of the will as trustees of the shares of the daughters under the codicil.

In view of the provisions of the Revised Statutes in reference to accumulations of income, it might be a serious question as to the validity of this will, if the construction claimed by the appellants must necessarily prevail; because it would appear that under the prohibition of the Revised Statutes (1 R. S. 726, § 37) there can be no accumulation of income except for the benefit of a minor, and such accumulation must terminate at the expiration of minority.

It is to be observed that in the ordinary administration of an estate, where provision is made by a parent for his widow and children, the usual construction is that the income of the estate received, pending the period of administration, shall not, unless necessary for the payment of debts, be considered as a part of the estate to be distributed as principal, but rather be paid over to the persons to whom the income of the principal of the estate is devised or bequeathed, for their maintenance during the period of administration. Any other rule would seem to be in conflict with the provisions of the Revised Statutes in respect to accumulations to which attention has been called. Where there is a division of the residuary estate and an absolute bequest thereof as to some of the legatees under this will,

the question here involved becomes of no importance, because the legatee takes his share of the principal and income together. But where there is a life estate only in the shares or interests in the estate with a disposition over of the principal of such shares, a different question necessarily arises. And we know of no way in which the prohibition of the statute can be avoided, except by so interpreting the will that the legatees of the residuary shares, if of full age, might take absolutely the income derived upon their proportions of the estate unaffected by any suspension of the absolute ownership.

And we think that upon an examination of the will in question, such was clearly the intention of the testator. There is, so far as the annuities are concerned, no provision contained in the will for any surplus of income reverting to his residuary estate as such. The provision is that the *principal* which had been set apart for the purpose of producing these annuities should revert to his residuary estate on the death of the annuitant, and that the unpaid portion of the annuity should belong to the personal representatives of the annuitant. But there is no intimation that it was the intention of the testator that any portion of the income derived from his estate should be accumulated as against any of the legatees, except in the case of the grandchildren during minority. It is evident from a consideration of the provisions in regard to accumulations of income for these minors that the testator had in mind the provisions of the Revised Statutes in reference to accumulations of income, and that such accumulations could only be provided for during a minority.

If the appellant's claim should be sustained there might be an accumulation of income during the lives of the whole of these annuitants by an excessive appropriation of money to the establishment of these annuities, and the daughters, the absolute ownership of whose shares has been suspended, might be deprived of that which the testator intended they should receive.

In view of the provisions of the will it was undoubtedly the duty of the executors to be sure in the constituting of these annuities that a sufficient principal sum was provided for their production. The testator was solicitous that there should be no failure in respect to this matter. But there is nothing in this will to show that the testator intended by any of the provisions therein contained that his daughters should be deprived of any portion of the estate which

would naturally come to them as income because of the manner of administration upon the part of the executors named in the will.

We are aware of the language that the testator used in connection with the division and distribution of his estate. But he had no power, even if he so intended (which we do not think he did), by any means, direct or indirect, to prevent the absolute vesting of the income derived from his estate in somebody, and he could only direct any portion of such income to be accumulated during the minority of the owner of the share of his estate from which it was derived.

It is important to observe, as already stated, that wherever the testator speaks of accretions to his residuary estate it is always in reference to the *principal* of his estate; and in his provision for the holding by his executors as trustees for his daughters, of their shares, he speaks of the principal of such share, and nothing is said about the trustees holding any portion of the income which should be derived from his estate, and which would naturally belong to his residuary legatees.

There seems to be no way in which this construction can be avoided without infringing upon the statute, which was evidently not the testator's intention.

We are of opinion, therefore, that the decree of the surrogate was correct, and should be affirmed, with costs to all parties to be paid out of the estate.

FOLLETT and PARKER, JJ., concurred.

Decree affirmed, with costs of all parties to be paid out of estate.