(36 Misc. Rep. 499.)

### JEWELL v. CITY OF ITHACA.

(Supreme Court, Special Term, Tompkins County.   December, 1901.)

1. STATUTES—CONSTRUCTION.
   In determining the meaning of a particular statute, the established policy of the legislature may be resorted to.

2. NEGLIGENCE OF CITY—PERSONAL INJURIES—PLEADING.
   Under a city charter declaring that no suit shall be brought against the city for personal injuries caused by its negligence unless the claim shall have been presented to the common council, "and until thirty days after such presentation shall have been made, or unless claim has been made within sixty days," requires claim to be presented within 60 days from the injury, and action to be brought after 30 days from such presentation.

3. SAME—ACTION—CONDITION PRECEDENT.
   Where charter requires presentation of claim to council, it is a condition precedent to right of suit, and must be pleaded.

Action by Mary J. Jewell against the city of Ithaca.   Demurrer to complaint sustained.

E. H. Bostwick, for plaintiff.
George S. Tarbell, for defendant.

MATTICE, J.   The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.   The action is brought to recover damages for injuries sustained by the plaintiff by reason of the negligence of the defendant in the care of a certain street.   The defendant's charter provides (section 8, tit. 8) as follows:   "No suit shall be maintained against said city upon any claim or claims, for injuries resulting from negligence, unless the same shall be presented for payment to the common council of said city at some regular meeting thereof and until thirty days after such presentation shall have been made, or

unless claim has been made within sixty days and suit begun within twelve months after the claim has been disallowed by the common council." Laws 1888, c. 212. It appears from the complaint that the injury occurred February 2, 1901, and that on May 15, 1901, her claim was presented for payment to the common council at a regular meeting thereof, and that 30 days expired after such presentation before the action was commenced. The complaint does not show that the claim was presented within 60 days after the injury. The defendant's counsel claims that the presentation of the claim within 60 days from date of injury is a condition precedent to the maintenance of the action, and should be averred in the complaint. The plaintiff's counsel insists that he has set forth in his complaint every condition precedent required by the section to the maintenance of the action by showing that the claim was duly presented to the common council at a regular meeting, and that the action was not commenced until 30 days after such presentation. He further insists that the remaining portion of the section, after the word "or," is meaningless, except as to the 12 months' limitation of time in which to bring the action after the claim has been disallowed; that the words "or unless claim has been made within sixty days" are not sufficiently clear to justify an interpretation that the claim must be presented within 60 days from the time of the accident. The section is somewhat loosely and inartificially drawn, but I think the meaning of the legislature is quite clear. The word "or" undoubtedly means "and"; and if there should be added after the words "sixty days" the words "from accident" the meaning of the statute would be quite clear.

It has been the policy of the legislature for years to require, in many of the cities and villages of the state, such claims to be presented within a time certain before suit could be brought. The time in which such claim must be presented varies in the charters of many of the cities of the state. When the unvarying policy of the legislature is well established, the court has the right to resort to such general course of legislation to ascertain the meaning of a particular statute. This settled policy of the lawmaking power has long been familiar to all. It is clear, therefore, that the legislature intended to make the presentation of the claim within 60 days after the accident a condition precedent to bringing an action, and it is the duty of the court to read into the statute the words which will give it force and effect. To do otherwise would be to render that portion of the section idle and meaningless. If these views are correct, then section 8, properly construed, means that no suit for injuries resulting from negligence can be maintained unless the claim shall be presented for payment to the common council, at a regular meeting, within 60 days from the time of injury, and until 30 days after such presentation. Then follows the limitation of time in which the action shall be brought, which must be within 12 months after the claim has been disallowed by the common council Sixty days is not an unreasonable limitation of time in which to present claims.

It is well settled that such statutes requiring the presentation of claims within a limited time impose a condition precedent, which must be alleged and proved. The statute requiring claims to be

presented in a limited time is not a limitation of time in which the action itself must be commenced, and is, therefore, not a statute of limitation which must be taken advantage of by answer, and not by demurrer, as suggested by plaintiff's counsel. The subsequent portion of the section, which requires the action to be brought within one year after the claim has been disallowed, is a statute of limitation, but that portion of the statute is not now under consideration or involved in the question raised by the demurrer. It follows that the demurrer is well taken, for the reason that the plaintiff has failed to allege in the complaint that the claim was presented within 60 days after the injury or accident. Demurrer sustained, with costs, with leave on the part of the plaintiff to amend within 20 days, on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days, on payment of costs.