PEOPLE ex rel. McNEILE v. GLYNN, State Comptroller.

(Supreme Court, Appellate Division, Second Department. October 22, 1908.)

1. STATUTES (§ 181*)—CONSTRUCTION—INTENTION OF LEGISLATURE.
    In construing statutes, the intention of the Legislature must be sought and given effect.
    [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 181.*]

2. STATUTES (§ 188*)—CONSTRUCTION—MEANING OF LANGUAGE.
    In construing statutes, the legislative intention is to be determined from the language used, by giving such language its usual and accepted meaning.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 266; Dec. Dig. § 188.*]

3. TAXATION (§ 895*)—INHERITANCE AND TRANSFER TAXES—APPRAISEMENT—APPOINTMENT AND REMOVAL OF APPRAISER.
    Tax Law (Laws 1896, p. 874, c. 908) § 230, as amended by Laws 1900, p. 1438, c. 658, § 1, provided for transfer tax appraisers to be appointed by the comptroller of New York City, etc., and exempted the counties of Kings and others from the general law by providing that in such counties the State Comptroller shall appoint and may remove at pleasure two appraisers in each county; and Laws 1901, p. 380, c. 173, extended the same provision to other counties, and the tax laws were subsequently amended by Laws 1905, p. 827, c. 368, and Laws 1906, p. 1495, c. 567, but section 230 was not changed thereby. Laws 1888, p. 162, c. 119, prohibited the removal of an honorably discharged soldier, sailor, etc., who was not appointed for a definite term, from any appointive position in any city, except for cause and after hearing, and by Laws 1892, p. 1117, c. 577, this statute was extended to persons who had been members of a voluntary fire department at the time of its disbandment; and Civil Service Law (Laws 1899, p. 809, c. 370) § 21, substantially re-enacted, chapter 119 as amended by chapter 577, both chapters being expressly repealed, and the civil service law was subsequently amended by Laws 1902, p. 804, c. 270, and Laws 1904, p. 1694, c. 697, the provisions of section 21 not being changed. Relator, who was a member of a voluntary fire department un-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

til its disbandment in October, 1905, had been appointed in May, 1905, a transfer tax appraiser in Kings county, and was removed in 1907, without hearing or cause shown. *Held*, that Laws 1900, p. 1438, c. 658, authorized his removal by the State Comptroller without hearing or cause shown, notwithstanding section 21 of the civil service law, and such removal was absolute, and not reviewable by the courts.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 895.*]

Appeal from Trial Term, Kings County.

Mandamus by the people of the state of New York, on the relation of Hector McNeile, against Martin H. Glynn, as Comptroller of the state of New York, to compel defendant to reinstate relator as a state transfer tax appraiser. From a judgment denying a motion for a peremptory writ, relator appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John J. McGinniss, for appellant.
James A. Donnelly, for respondent.

RICH, J. The relator was a state transfer tax appraiser in the county of Kings, appointed by the State Comptroller in May, 1905, and removed by the respondent on January 17, 1907. There were no charges of incompetency or misconduct against him, and his removal was without a hearing. He was a member in good standing of Richmond Hook & Ladder Company No. 4, of New Brighton, at the time of its disbandment, October 1, 1905, and founds his contention on the provisions of section 21 of the civil service law (Laws 1899, p. 809, c. 370), which, so far as it affects his rights, provides:

"Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong. No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof, who * * * shall have been a member thereof at the time of the disbandment of such volunteer fire department, shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges," etc.,

—under which he claims that his removal was wrongful and unjustifiable. The respondent relies upon the provisions of section 230 of the tax law as amended by section 1, c. 658, p. 1438, of the Laws of 1900, under the provisions of which the relator was appointed and removed, which provides:

"The State Comptroller shall appoint and may at pleasure remove, not to exceed * * * two persons in the county of Kings * * * to act as appraisers therein,"

—under which it is claimed that the action of the Comptroller in removing the relator was authorized and legal, notwithstanding the provisions of the civil service law.

The question presented is: Which of these statutes controls the removal of a transfer tax appraiser in the county of Kings? The learned Special Term held that the respondent had the right under the laws of this state to remove the relator without charges involving his in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

competency or misconduct, and denied the latter's application for a peremptory writ of mandamus. The court says in its opinion that the question is whether the relator held an original independent office or a subordinate position, and upon the authority of People ex rel. McKnight v. Glynn, 56 Misc. Rep. 35, 106 N. Y. Supp. 956 reaches the conclusion that:

"Under the statute the transfer tax appraisers in Kings county are original independent officers, and not subordinates, and under the decisions are not exempted from removal by section 21 of the civil service law, and can be appointed and removed at pleasure by the State Comptroller."

In 1888 the Legislature enacted a statute (Laws 1888, p. 162, c. 119) entitled "An act relating to employés of the various cities and counties of the state," the provisions of which forbade the removal of an honorably discharged soldier, sailor, or marine, who served as such in the Union army or navy during the War of the Rebellion, from a position held by appointment in any city or county of the state, who received a salary from such city or county, who was not appointed for a definite term, except for cause shown after a hearing had, exempting from the operation of such statute a private secretary, chief clerk, or deputy of any official or department and persons holding a confidential relation to the appointing officer. In 1892 this statute was amended and its provisions extended to veterans of the Mexican War and persons who had served the time required by law in the volunteer fire department of any city, town, or village in the state, or who "shall have been a member thereof at the time of the disbandment of said volunteer department." In 1896 the tax law was enacted (Laws 1896, p. 874, c. 908), section 230 of which provided for appraisers to be appointed by surrogates upon the application of any interested party, including county treasurers and the comptroller of New York City, or upon his own motion, and prescribed their duties. In 1899 the civil service law was enacted (Laws 1899, p. 809, c. 370), section 21 of which was in substantially the same language as that contained in chapter 119, p. 162, Laws 1888, as amended by chapter 577, p. 1117, Laws 1892, both of which chapters were expressly repealed. In 1900 section 230 of the tax law was amended by chapter 658, p. 1438, of the Laws of that year, and the counties of New York, Kings, and Erie were exempted from the operation of the general law by the provision that in such counties "the State Comptroller shall appoint and may at pleasure remove" a stated number of appraisers therein, and the following year the provision quoted was extended to 11 additional counties (chapter 173, p. 380, Laws 1901). In 1902 (chapter 270, p. 804), and again in 1904 (chapter 697, p. 1694), the civil service law was amended; the provisions of section 21 as to veterans and firemen not being changed. In 1905 (chapter 368, p. 827), and again in 1906 (chapter 567, p. 1495), the tax law was amended; the provisions of section 230 giving to the State Comptroller the right to appoint and remove at pleasure appraisers in the counties named not being in any manner changed. Neither the original tax law nor any of the amendments referred to in terms repealed the conflicting provisions existing in the other statute, applicable in the one to appraisers in the counties named, including Kings, and in the other

to all persons holding a position by appointment or employment in any of the municipal subdivisions of the state.

No rule of law is more firmly established than that the intention of the lawmakers must be sought, and, when ascertained, given effect in the construction of statutes; that such intention is to be determined from the language used, which must be given its usual and accepted meaning. Applying this rule to the construction of section 230 of the tax law, we find that at the time of its amendment in 1900 there had been in existence continuously for 12 years a general statute forbidding the removal of veterans and for 8 years forbidding the removal of certain classes of volunteer firemen in any city or county of the state, holding a position by appointment, except for cause shown after hearing had, with the exception of specified officers, among whom appraisers were not included. The language of the amendment is clear and unambiguous, and does not admit of two interpretations. When the Legislature, with knowledge of the fact that the incumbent of the position, whose appointment by the Comptroller was to be then authorized, if a veteran or fireman who was a member of a volunteer fire department at the time of its disbandment, or who had served therein the time required by law, could not be removed under the provisions of the civil service act, except for incompetency or misconduct established by a hearing on preferred charges, gave to the Comptroller the right of removal of appraisers appointed by him or his predecessors in office at his pleasure, without excepting either veterans or firemen, it is plainly apparent that their intention was to make the tenure of office of appraisers terminable at the pleasure of the Comptroller, and that the right was intended to be given him, irrespective of the provisions of the civil service law, to remove an incumbent, although a veteran or fireman, at will, and without charges or hearing. There could have been no broader, more comprehensive, or better understood language used than that the Comptroller could remove "at pleasure." The absolute right to remove could not be exercised if, as a condition of its exercise, the Comptroller had to prefer and sustain charges against an incumbent of incompetency or misconduct, with the right in the courts to review and set aside his act against the will and pleasure of the Comptroller. Such an inconsistent and anomalous condition was never intended by the Legislature. If such a construction were given, the words "may at pleasure remove" are without meaning and of no effect, a result which the court is not at liberty to declare. The only construction that can be given is that the legislative intent was that there should be no restriction upon the right and power of the Comptroller to remove any appraiser appointed by himself or his predecessors in office, whether such appraiser was a veteran or had been a fireman or not, and that such removal was absolute and final, and not the subject of review by the courts.

From these conclusions it follows that a tax appraiser in the county of Kings is not exempted from removal, and is not within the protection of section 21 of the civil service law, and may be removed at pleasure by the Comptroller.

The judgment must be affirmed, with costs. All concur.