## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### April 12, 1918.

## THE PEOPLE v. BERTHA SCHWARTZ.

(183 App. Div. 367.)

STATUTES—RULES OF CONSTRUCTION—INTOXICATING LIQUORS—HARD CIDER.

In the interpretation of the statutes a construction should be adopted which will harmonize best with the context and promote in the fullest manner the apparent policy and object of the Legislature. Words, phrases and sentences must yield to the intention of the Legislature and the object of the statute.

SAME.

The word "and" in the provision of the Liquor Tax Law that "the term 'liquors' as used in this chapter, includes and means all distilled or rectified spirits, wine, fermented and malt liquors," must be read as the word "or," and hard, fermented cider is within both the spirit and letter of the statute.

APPEAL by the defendant, Bertha Schwartz, from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, Part Two, rendered against her on the 14th day of November, 1917, convicting her of a violation of the Liquor Tax Law, and also from an order entered in the office of the clerk of said court on the same day denying her motion for a new trial and in arrest of judgment.

A. S. Gilbert (Francis Gilbert with him on the brief), for the appellant.

John E. Rustin, Assistant District Attorney (Harry E. Lewis, District Attorney, and Harry G. Anderson, Assistant District Attorney, with him on the brief), for the respondent.

RICH, J.:

The defendant appeals from a judgment of the Court of Special Sessions, convicting her of a violation of the Liquor Tax Law, in having, on August 22, 1917, sold hard cider without having paid the tax required by section 8 of said law* and without having obtained and posted the liquor tax certificate as required in and by said law. There is no dispute as to the facts, and the question presented is whether hard cider is a liquor, the sale of which is prohibited by the statute. The defendant concedes that hard cider is a fermented liquor containing more alcohol than beer, and contends that the use of the word " and " in the statutory definition of the word " liquors " (which in section 2 of the Liquor Tax [Consol. Laws, chap. 34 (Laws of 1909, chap. 39), as amd. by Laws of 1910, chap. 485] is as follows: " The term ' liquors,' as used in this chapter, includes and means all distilled or rectified spirits, wine, fermented and malt liquors ") requires proof that the cider was both fermented and malted before her conviction was justified, and that hard cider is not, and was not proven to be a malted liquor. Prior to the enactment of the present Liquor Tax Law, as originally enacted (Gen. Laws, chap. 29, Laws of 1896, chap. 112), the question as to whether the beverage alleged to have been sold without having obtained a license therefor, was a " strong," " spirituous " or " intoxicating " liquor, was a question of fact, and upon proof that the beverage was hard cider containing a percentage of alcohol sufficient to produce intoxication, it was held that such sale constituted a violation of the statute prohibiting the sale of strong, spirituous and intoxicating liquors. The Liquor Tax Law has omitted the words " strong," " spirituous " and " intoxicating ' as applied to the prohibition of the sale of liquors without having paid the tax, and by this intended omission and the prohibition of traffic in all alcoholic beverages

* Amd. by Laws of 1917, chap. 623.—[REP.

within the definition of "liquors" the question of whether the beverage sold was or was not intoxicating has become immaterial.    (People v. Cox, 106 App. Div. 299.)    It was ever the intention and purpose of the Legislature, in its regulation of the liquor traffic, to suppress intemperance, so far as possible, by prohibiting the indiscriminate selling and giving away of such alcoholic liquors as would or could result in the intoxication of the persons indulging in their use, and there can be no doubt that the Legislature intended by its definition of "liquors" in the Liquor Tax Law to include within its prohibition all alcoholic beverages whether fermented, malt, or both.    The conclusion contended for by the appellant, that the Legislature intended to prohibit the sale or giving away of fermented and malt liquors containing two or three per cent of alcohol as the result of fermentation, and to authorize the sale of hard cider containing, as in the case at bar, six and three-tenths per cent alcohol as the result of fermentation alone, is incapable of belief.    In the Cox case, which involved the sale of a beverage called "malt rose," containing between seventy-four hundredths of one per cent and one and eighteen hundredths per cent in volume of alcohol, the court in considering the provisions of the statute recognized no distinction between a fermented and fermented and malt liquor, saying: "If the alcohol contained in the malt rose as sold was produced therein by fermentation of the ingredients forming it the beverage comes within the plain terms of the statutory definition of liquor."    It is conceded that in the instant case the alcohol contained in the hard cider sold by the appellant was the result of fermentation, and the contention that the statute could not have meant to include within its provisions any liquor which was fermented but not malted (because there are many such, including spruce beer, ginger beer, kumiss and similar beverages, the sale of which the Legislature has never sought to regulate), is fully met by the statement in the Cox case that

" A construction of the act that would exclude from its terms all beverages that had not of themselves been rectified, distilled, fermented or malted would deprive the act of much of its value as a police measure." In the interpretation of statutes that construction should be adopted which will harmonize best with the context and promote in the fullest manner the apparent policy and object of the Legislature. (Manhattan Co. v. Kaldenberg, 165 N. Y. 1; Matter of Mathews, 59 App. Div. 159.) Words, phrases and sentences must yield to the intention of the Legislature and the object of the statute. (People ex rel. Gress v. Hilliard, 85 App. Div. 507; affd., 176 N. Y. 604; Topham v. Interurban Street R. Co., 96 App. Div. 323; Matter of Board of Rapid Transit R. R. Comrs., 128 id. 103; Hurst v. City of New York, 55 id. 68; Manhattan Co. v. Kaldenberg, *supra.*) The cases are numerous in which the courts have construed the word " and " as " or," and *vice versa,* the words being convertible, and a substitution of the one for the other being frequently resorted to in the interpretation and construction of statutes when the evident intention of the Legislature requires it. (People ex. rel. Municipal Gas Co. v. Rice, 138 N. Y. 151; 1 Words and Phrases Judicially Defined, 387-389; Ludlow v. City of Oswego, 25 Hun, 260.) Such rule applies to criminal as well as civil statutes. (People v. Lytle, 7 App. Div. 553, 562, 563; 1 Words and Phrases Judicially Defined, 389.) In Matter of Stiller (175 App. Div. 211) a special agent of the Excise Department made a complaint under the provisions of section 33 of the Liquor Tax Law, as amended by chapter 614 of the Laws of 1913* (which provides that upon the verified complaint of a special agent setting forth facts establishing that " liquors " are stored or kept in any place for the purpose of an unlawful sale, a county judge may issue his warrant to a peace officer or special agent, commanding a search of the premises and a seizure of

---

* Since amd. by Laws of 1916, chap. 417.—[REP.

such liquors if found), alleging upon information and belief
the deposit of liquors by one Drosos upon his premises which
were not licensed, stating the source of his information to be
the sale of hard cider, upon which complaint a warrant was
issued by the county judge of Broome county    The officer
executing the warrant found three-fourths of a barrel of hard
cider upon the premises, which he took into his possession.
Upon the return of the warrant Drosos appeared and moved to
dismiss the complaint and vacate and set aside the warrant, the
contention being that the cider taken, or hard cider generally,
was not a liquor within the meaning of the Liquor Tax Law,
and, therefore, the complaint did not state the facts sufficient
to give jurisdiction to the county judge to issue such warrant.
The motion was denied, and upon appeal the order was sus-
tained.   In that case Mr. Justice WOODWARD, who wrote for
the court, said: "W ithout going to the extent of holding that
the court might take judicial notice of the fact that hard cider is
a liquor within the meaning of the Liquor Tax Law it is suffi-
cient for the purposes of this appeal to say that we are not pre-
pared to hold that where the affidavits show that hard cider is
actually sold in a place which is without a license there is such
a lack of jurisdictional facts as to warrant the refusal of a
warrant for search and seizure.   Upon a full argument of the
question, and in support of the policy of the law, it may be held
that hard cider is within the letter and the spirit of the act,
and that it is subject to confiscation the same as other liquors
under the provisions of the act.   Cider, considered merely
as the juice of apples, may not be fermented liquor, but
when it becomes hard cider it has undergone a distinct chem-
ical change, and we should dislike to hold judicially that it is
not a liquor within the meaning of the act."   We are likewise
unwilling to adopt a construction of the statute which will
exclude hard, fermented cider, containing more that six per
cent of alcohol, from its prohibitive provisions, and conclude

that the word "and " in the statute must be read as the word " or " and that hard, fermented cider is within both the spirit and letter of the act.

The judgment of conviction is affirmed.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Judgment of conviction of the Court of Special Sessions confirmed.