SAM HORN, Agent for Landlord, *v.* LOUIS KLUGMAN, Tenant.

(Municipal Court of the City of New York, Borough of Brooklyn, Seventh District, May, 1920.)

Statutes — construction of — summary proceedings — Code Civ. Pro. § 2231 (2-a).

In construing statutes, that sense will be adopted which harmonizes with the context and promotes to the fullest the apparent policy and object of the legislature.

In the interpretation of the statutes, it is an elementary principle that a phrase, passage or sentence is not to be understood absolutely as if it stood by itself, but is to be read in the light of the context in connection with the general composition of the statute, and others *in pari materia.*

Chapter 139 of the Laws of 1920, amending section 2231 of the Code of Civil Procedure by adding subdivision 2-a to said section, does not impair a landlord's general rights, but was

designed to discourage and curb as far as possible, during a limited period, attempts at summary removal of short-term tenants, in a city of the first class, while the general housing conditions therein are abnormally impaired and profiteering landlords are exacting oppressive rents under threat of removal.

Section 2231(2-a) of the Code of Civil Procedure requires as a condition precedent to the maintenance of a summary proceeding to dispossess a monthly tenant of premises in the city of New York for non-payment of rent, allegation and proof for the landlord that the rent was not increased over that paid the month before and does not exceed twenty-five per centum of what it was the year before, and when the landlord pleads both elements but establishes only one, the proceeding must be dismissed.*

SUMMARY proceedings.

Abraham J. Halprin, for petitioner landlord.

Emanuel Mehl, for tenant.

BOGENSHUTZ, J.   Petitioner brings these proceedings under the statute (Code Civ. Pro. § 2231, subd. 2, amd. by Laws of 1920, chap. 139) to dispossess a monthly tenant for non-payment of rent.   The decision in this proceeding is to govern six similar pcoceedings.

The amendment (Laws of 1920, chap. 139) has restricted the maintenance of summary proceedings under section 2231, subdivision 2, of the Code of Civil Procedure, as follows:

" 2-a. No proceeding as prescribed in subdivision two of this section, shall be maintainable to recover the possession of real property in a city of the first class   *   *   *   occupied   for   dwelling   purposes *   *   *   under a lease or tenancy for one year or less or under any lease or tenancy commencing after this subdivision takes effect, *unless* the *petitioner alleges* in the petition *and proves* that the rent of the

---

* See *Fisher* v. *Rabinowitz,* 112 Misc. Rep. 78; *Shanik* v. *Eckhardt,* Id. 86.— [REPR.

premises described in the petition is no greater than the amount paid by the tenant for the month preceding the default, for which the proceeding is brought or has not been increased more than twenty-five per centum over the rent as it existed one year prior to the time of the presentation of the petition. Nothing in this subdivision shall preclude the tenant from interposing any defence that he might otherwise have. This subdivision shall be in effect only until the first day of November, 1922.

" § 2. This act shall take effect immediately."

Petitioner alleges a hiring on January 15, 1920, at a rental of twenty-seven dollars a month and the tenant's failure to pay the rent for the month from April fifteenth to May fifteenth after demand. In compliance with the amendment (Laws of 1920, chap. 139), he alleges, " that the rent of the premises * * * is no greater than the amount paid by the tenant for the month preceding the default * * * and has not been increased more than twenty-five per centum over the rent as it existed one year prior to the time of the commencement of this proceeding."

The tenant for defense, in addition to a general denial, alleges a counterclaim, and an unjust, unreasonable and oppressive agreement as defined in sections 1 and 2 of chapter 136 of the Laws of 1920.

It appears that the petitioner became the owner of the property on October 30, 1919. The tenant has occupied his apartment as a monthly tenant for several years, and in April, 1919, was paying a monthly rental of seventeen dollars. This sum was thereafter increased until it reached twenty-one dollars, the amount he was paying when petitioner became the owner. On January 15, 1920, petitioner increased the rent to twenty-seven dollars, which sum the tenant paid for three months, as he claims under protest. It

Municipal Court of New York, May, 1920.     [Vol. 112.

will be observed that the sum demanded was largely in excess of a twenty-five per centum increase over what was paid a year ago, although there was no increase over what the tenant paid the month before. Upon this formula of proof the tenant contends that the proceedings cannot be maintained, because it appears " that the rent of the premises has been increased more than twenty-five per centum over that fixed a year prior." In other words, he contends that petitioner was bound to prove both elements alleged in the petition. The petitioner on the other hand contends that the statutory requirements as to what must be alleged and proven is in the alternative; that proof of either one was sufficient. Having proven that the rent had not been increased over that paid for the month before, he contends that his right to maintain the proceedings, and to a final order, is established, regardless of the fact that the increase for the year is over twenty-five per centum. If there be merit in the tenant's contention that both features must be shown in petitioner's favor, then obviously the proceedings must fail and it will render consideration of other issues unnecessary. The question involved is one of statutory construction. The language of the amendment is not ambiguous and should receive natural and logical construction. It concededly is one of several acts that concern dealings between landlords and tenants to give emergency relief. Considered in the light of apparent intent, the tenant's contention seems to be supported on every theory of reasonable construction. In construing statutes that sense should be adopted which harmonizes with the context and promotes to the fullest manner the apparent policy and object of the legislature. *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43, 49; *Manhattan Co.* v. *Kaldenberg*, 165 id. 1; *People ex rel. Hunt* v. *Lane*, 132 App.

Div. 406; affd., 196 N. Y. 520; *People* v. *Schwartz,* 183 App. Div. 367. The dispute arises because the word " or " is used in connecting the compound sentence, " unless the petitioner alleges in the petition and proves that the rent of the premises  *  *  *  is no greater than the amount paid by the tenant for the month preceding  *  *  *  or has not been increased more than twenty-five per centum over the rent as it existed one year prior  *  *  *." A failure to employ more artistic words or phrases should not nullify the object of the statute when the intent is otherwise fairly and reasonably expressed. *People* v. *Gates,* 56 N. Y. 387, 393; *McKuskie* v. *Hendrickson,* 128 id. 555; *People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129. The word " and " is frequently used interchangeably with " or," and *vice versa.* The words being convertible by the substitution of one for the other as the sense may suggest or require. *Jackson* v. *Topping,* 1 Wend. 388; *People* v. *Lytle,* 7 App. Div. 553, 562; *Casella* v. *McCormick,* 180 id. 94; *People* v. *Schwartz, supra; People ex rel. Municipal G. Co.* v. *Public Service Com.,* 224 N. Y. 156. Whether the word " or " as used in the present connection shall be construed as " and " must be determined from the text and context of the several acts in the legislative programme dealing with the general subject matter. The text is set forth in the statute (Laws of 1920, chap. 136, §§ 1, 2), which reads:

" Section 1. Unjust, unreasonable and oppressive agreements for the payment of rent having been and now being exacted by landlords from tenants  *  *  *  and a public emergency existing in the judgment of the legislature by reason thereof  *  *  *.

" § 2. Where it appears that the rent has been increased more than twenty-five per centum over the rent as it existed one year prior to the time of the agreement under which the rent is sought to be recov-

Municipal Court of New York, May, 1920. [Vol. 112

ered, such agreement shall be presumptively unjust, unreasonable and oppressive.''

The further sense and intent of this legislative policy is clearly disclosed by the composite context that attends the language and design outlined in each of the several enactments. Laws of 1920, chaps. 139, 137, 135, 133. In other words it is an elementary principle of legal interpretation of statutes that a phrase, passage or sentence is not to be understood absolutely as if it stood for itself, but is to be read in the light of the context in connection with the general composition of the act and others *in pari materia.* *People* v. *Schoonmaker,* 63 Barb. 44; *Fairchild* v. *Gwynne,* 16 Abb. Pr. 23; *People ex rel. Bockes* v. *Wemple,* 115 N. Y. 302; *Staten Island W. S. Co.* v. *City of New York,* 144 App. Div. 318, 323. It will be readily observed that the design of the legislature is to discourage and curb as far as possible, during a limited period, attempts at summary removal of short term tenants, while the general housing conditions are abnormally impaired and profiteering landlords engaged in the pernicious practice of exacting oppressive rents under threat of removal. It is asserted that if tenant's rule of construction is upheld, that the petitioner must allege and prove both elements, it would prevent a landlord from increasing a rent charge at all. The answer to that is that it does not do any such thing. At most it only prohibits, by temporary suspension, a landlord's right to remove a tenant by summary proceedings when his actions by rent increases against short-term tenants are suggestive of a profiteering policy of an oppressive nature. A landlord's general rights are not impaired. He has access to an action for rent, and his remedy to remove by holdover proceedings (Code Civ. Pro. § 2231, subd. 1), or by ejectment (Id. §§ 1496–1531)

is still available. The legislation was enacted to meet an emergency that was of serious moment. Its object was to cure mischief and place additional safeguards about the public welfare. Legislation of this kind must not be confused with such as take away every remedy. *Parmenter* v. *State of New York,* 135 N. Y. 154, 166. The welfare of reasonable landlords cannot be seriously affected, if at all. Those who have not been guilty of profiteering practices through oppressive rent increases should not be seriously concerned. With satisfied tenants, occasion for summary removal will rarely arise. On the contrary if petitioner's construction be upheld, and a landlord permitted to resort to dispossess a tenant by summary prceedings for nonpayment of rent, on the sole allegation and proof that there was no increase over the amount paid the previous month regardless of whether increases exacted during the preceding ten months amounted to over twenty-five per centum, then the entire policy and intent of the emergency legislation to suppress or curb oppressive profiteering will be nullified. It would keep that class of landlords fortified and continue to invite others to their practice, through the very means to which they have previously resorted — threat of summary removal. Counsel for petitioner has made a point that the opinions expressed by some of the legislators who were active in drafting this legislation are in support of his rule of construction. Opinions of such persons expressed in debate cannot be considered in ascertaining the meaning and intent of statutes. *Woolcott* v. *Shubert,* 217 N. Y. 212, 221. The statute has a laudatory humane objective. While it may create some hardships, the good secured and the mischief prevented is of more far-reaching results. If the intent and force of this statute as construed is found to be impracticable, harsh and unjust, courts

12

Appellate Term, First Department, June, 1920.    [Vol. 112.

have no alternative but to uphold and enforce it, leaving it to the legislature to remedy, especially when it is for the general good and in force for a limited time only. *Rosenplaenter v. Roessle*, 54 N. Y. 262.

On this conclusion it follows that the statute requires as a condition precedent to the maintenance of these proceedings that he allege and prove both of the elements described, to wit: "That the rent was not increased over that paid the month before and does not exceed twenty-five per centum of what it was a year before." The petitioner has pleaded both elements, but his proof establishes only one. As a consequence the proceedings must be dismissed. The result will be the same in the other six proceedings.

Proceedings dismissed.