In the Matter of the Application of HOWARD L. WYNEGAR and Others, as Liquidating Committee, PLAZA TRUST COMPANY, Respondents, for the Appointment of Appraisers Pursuant to Section 496 of the Banking Law.

FIRST CITIZENS BANK AND TRUST COMPANY OF UTICA and Another, Appellants.

Fourth Department, May 18, 1932.

*Thayer Burgess*, for the appellants.

*Edwin T. Murdoch*, for the respondents.

SEARS, P. J.   The appellant Citizens Trust Company of Utica, N. Y., a banking corporation, and two other Utica banks, under the provisions of sections 487 and 488 of the Banking Law (Laws of 1914, chap. 369, as amd.), entered into a merger agreement in writing dated October 24, 1931, wherein they contracted to form a new merged corporation to be known as the First Citizens Bank and Trust Company of Utica.   The corporation growing out of this

merger is also an appellant. The agreement came before the stockholders of the Citizens Trust Company for approval at a meeting held November 9, 1931. The agreement was there approved by a vote of more than two-thirds of all of the stockholders of the corporation. The petitioners in this proceeding did not vote in favor of the merger. On November 14, 1931, the requisite documents were filed in the proper offices, and the merger then became effective as provided in sections 492 and 493 of the Banking Law. On November sixteenth, two days after the merger became effective, the petitioners gave notice that they objected to the merger and demanded payment for their stock. On the 4th day of January, 1932, the petitioners presented to the Supreme Court their petition for the appointment of appraisers to appraise the stock of the Citizens Trust Company under section 496 of the Banking Law.

The only question presented upon this appeal is whether under section 496 of the Banking Law the petitioners are foreclosed of the right to an appraisal and payment for their stock although they have given the notice and made the demand within twenty days of the date of the holding of the meeting at which the merger was approved, as provided in section 496 of the Banking Law, by reason of the fact that the merger became effective before the demand was actually served. The pertinent parts of section 496 are as follows: " Any stockholder or shareholder not voting in favor of such agreement of merger at the meeting prescribed in section four hundred and ninety of this article, may at such meeting or within twenty days thereafter object to the merger and demand payment for his stock or shares; or, in the case of savings and loan associations or credit unions, if such shareholder be a borrower, he may demand liquidation of his indebtedness and cancellation of his shares. If the merger takes effect at any time after such demand, such stockholder or shareholder may, at any time within sixty days thereafter, apply to the Supreme Court at any Special Term thereof, held in the county wherein is situated the principal place of business of the corporation into which the other or others are merged, for the appointment of three persons to appraise the value of his stock or shares or the amount of said indebtedness, if any."

The appellants contend, by virtue of the language quoted, that the petitioners cannot require an appraisal and resulting payment because, they argue, the right to an appraisal and payment is by the statute limited to cases where the merger has taken place after the demand, and the merger in this case took place before the demand. The contention rests upon a literal reading of the second sentence in section 496.

We think the construction urged by the appellants, even though in accordance with the literal language of the statute, is not to be given to the provision quoted above. (See *Matter of Long* v. *Jerzewski*, 235 App. Div. 441, decided herewith.) Since the statute expressly gives to dissenting stockholders twenty days, it seems hardly possible that the Legislature should have intended in such a case as this that a stockholder who gave the notice within the period specified should nevertheless be defeated when attempting to enforce the right apparently given him by the circumstance over which he has no control, that the documents effecting the merger were so promptly filed as to precede the making of the stockholders' demand. In our opinion it is more consonant with what we take to be the legislative intent to construe the second sentence of section 496 as merely limiting the time when the application to the Supreme Court shall be made to a sixty-day period following the day that the merger becomes effective. In other words, we read the first clause in the second sentence as though a comma were inserted after the words " if the merger takes effect at any time," so that the following words, " after such demand," do not qualify the taking effect of the merger but relate to the application of the objecting stockholder to the court. The second sentence, as we read the law, makes two events conditions precedent to the filing of the application to the court, *first*, the " taking effect of the merger," and *second*, the " making of such demand." " Such demand " in this phrase means the stockholder's objection to the merger and the demand for payment of the objector's stock made at the stockholders' meeting or within twenty days thereafter as provided in the first sentence of the section.

The order should, therefore, be affirmed, with costs.

All concur.

Order affirmed, with ten dollars costs and disbursements.