In the Matter of the Application of EMANUEL LONG and Another, Appellants, for a Writ of Certiorari to EDWARD JERZEWSKI and Others, as Assessors of the Town of Cheektowaga, County of Erie, New York, Respondents.

Fourth Department, May 18, 1932.

*A. Gerald Weinberg*, for the appellants.

*Carlton A. Fisher*, for the respondents.

EDGCOMB, J. A writ of certiorari to review petitioners' assessment has been quashed upon the sole ground that the petition therefor was not presented within the time specified by the statute. The merits of the application have never been passed upon. The correctness of such ruling is the only question involved upon this appeal.

Section 291 of the Tax Law prescribes that the petition for a writ of certiorari " must be presented * * * within fifteen days after the completion and filing of the assessment-roll and the first posting or publication of the notice thereof as required by this chapter."

The mode of assessing property for taxation purposes is pre-

scribed by article 2 of the Tax Law. A certified copy of the assessment must be filed in the office of the town clerk on or before September fifteenth, and left there for public inspection until it is delivered by the town clerk to the supervisor. The assessors are required to " cause a notice to be posted conspicuously in at least three public places in the tax district, and to be published in one or more newspapers, if any, published in the town, that such assessment roll has been finally completed and stating that such certified copy has been so filed." (Tax Law, § 39, as amd. by Laws of 1926, chap. 286.)

The law contemplates that every taxpayer shall have an opportunity to review his assessment. To determine whether he desires so to do, he must know when the roll is completed, and where it can be inspected. This notice gives him the required information. It has another purpose, viz., to set in motion the time within which a taxpayer must apply for a writ of certiorari. (*People ex rel. American Exchange National Bank* v. *Purdy,* 196 N. Y. 270, 276; *People ex rel. R., W. & O. R. R. Co.* v. *Haupt,* 104 id. 377, 381.)

The record in the instant case shows that the assessment roll was completed and filed in the town clerk's office on September 5, 1931, and that a notice of such filing was posted, as required by the statute, on the same day, but that its publication was delayed until September tenth. The petition for the writ was not presented until the twenty-third of the month. If the fifteen days within which the appellants were required to apply for relief commenced to run from the date the notices were posted, as has been held by the court below, the statute is a bar to this proceeding; if, however, the time does not start to run until the notice was published, the petitioners are well within the statute, and the quashing of the writ was error.

As we read the Tax Law, the time within which an application for a writ of certiorari must be made does not start to run until notice of the completion and filing of the assessment roll has been given as prescribed by the statute. In towns in which a newspaper is published, such as Cheektowaga, that must be done in two ways: (1) By posting the notice in three public places in the tax district; (2) by publishing it in a newspaper printed in the town. Both methods must be followed; one alone is not sufficient. In this connection we think that the word " or " means " and; " that to set the fifteen days running the full requirement of the statute must be complied with; that it was never intended that a taxpayer should be penalized and his right to review his assessment be curtailed when the public officials had given him only half of the notice to which he was entitled.

If the contention of the town is correct, and the publication of this notice had been delayed fifteen days or more after it had been posted, and the petitioners had failed to see the notice until they read it in the newspaper, they would be foreclosed of the remedy which has been given them by the statute, notwithstanding the fact that the Legislature has said that they were entitled to obtain knowledge of the fact that the assessment had been completed and filed by reading it in a newspaper. The publication would be but an idle gesture, and a needless and useless expenditure of public money. The Legislature never intended such a construction to be put upon this section.

In the construction of a statute the intent of the Legislature, if it can be ascertained, must prevail. A strict and literal interpretation will not be adhered to in the face of a contrary intent by the law-making body. (*Farmers' Bank* v. *Hale*, 59 N. Y. 53, 57; *People ex rel. Wood* v. *Lacombe*, 99 id. 43, 49; *People ex rel. McNeile* v. *Glynn*, 128 App. Div. 257.)

The construction will be adopted which best harmonizes with the context, and at the same time promotes the apparent policy and object of the Legislature. (*Manhattan Co.* v. *Kaldenberg*, 165 N. Y. 1, 7; *People* v. *Schwartz*, 183 App. Div. 367; affd., 224 N. Y. 647.)

Attention should be called to the last five words of the first sentence of section 291. Where reference is made to the posting " or " publication of the notice, we find the words " as required by this chapter." As before noted, both are required in towns in which a newspaper is published. The provision limiting the time within which a proceeding to review an assessment can be brought must be read in the light of the context of the entire statute, and of its purpose.

Failure to use a more appropriate or suitable word to convey the intended meaning will not nullify the object of a statute, when its purpose is apparent or is otherwise fairly expressed. (*People ex rel. Garvey* v. *Prendergast*, 148 App. Div. 129, 133; *People* v. *Gates*, 56 N. Y. 387, 390, 392.)

The word " or " is often construed as " and," and *vice versa*, when the change better expresses the intent of the Legislature. (*People ex rel. Municipal Gas Co.* v. *Public Service Commission*, 224 N. Y. 156, 165; *Folmsbee* v. *City of Amsterdam*, 142 id. 118, 123; *People ex rel. Municipal Gas Co.* v. *Rice*, 138 id. 151, 156; *People* v. *Schwartz*, 183 App. Div. 367, 369; affd., 224 N. Y. 647; *Casella* v. *McCormick*, 180 App. Div. 94, 95; *People* v. *Lytle*, 7 id. 553, 562.)

In using the word " or " in the sentence under consideration,

the Legislature doubtless had in mind the case of a town in which no newspaper is published, and in which the only requirement regarding notice is that it should be posted in three public places in the tax district. In such a case the word " and " would have been confusing, because a strict interpretation of such a requirement would have necessitated the publication of such a notice to start the time running within which a dissatisfied taxpayer could apply for a writ of certiorari, when in fact such publication was not required by the statute.

Having presented their petition within fifteen days after the publication, petitioners are not barred by the act from maintaining this proceeding.

The order should be reversed, and the matter remitted to the Special Term to pass upon the merits of the application.

All concur.

Order reversed, with costs, and matter remitted to the Special Term for determination on the merits.