In the Matter of the Estate of FLORENCE L. DUNN, Deceased.

Surrogate's Court, Monroe County, March 18, 1939.

*Mann, Strang, Bodine & Wright* [*George F. Bodine* of counsel], for the Rochester Trust and Safe Deposit Company, as executor, etc.

*W. G. Staudenmaier*, special guardian.

FEELY, S. All the income, except a small sum paid to grandchildren, that has been earned by this estate during the interim from letters testamentary to this judicial settlement of the executor's account has been paid to a daughter of the testatrix, to whom was bequeathed through trusts all of the income for her lifetime both on $300,000, and also on the residuary estate nearly the same amount. She is also given a cash legacy of $311,000 and has been paid the interim income on that sum also. Two grandchildren having legacies of $5,000 each have received " interest " thereon. The remaining $280,000 of the estate was spent for administration expenses, and the daughter has received such income as was derived therefrom.

The daughter's children are the secondary life beneficiaries on each of the trusts; and are to receive income only from and after her death; but the general residue of the estate, after the end of the trusts, goes to the lineal descendants of the daughter, *per stirpes*. The daughter has two children now living; and they are minors. Their special guardian urges that the interim income on the cash legacy of $311,000 to their mother and also the like income on the sum paid for expenses of administration, should be apportioned among these two wards and their mother. This claim is based on what appears to be a literal reading of section 17-b of the Personal Property Law, which was enacted five years before the death of this testatrix. In the first sentence of this section appears the word " and," where in a like context in the second sentence the word " or " is used. The special guardian stresses the conjunctive, but the executor's counsel relies on the disjunctive. The first sentence directs that this interim income shall be distributed " as income " to a wider extent than had been and still is being done, under the case law. Under the latter, such income, with some exceptions, went into the residue as an addition to capital. The first sentence of the new section directs that such distribution " as income " shall be " among the beneficiaries of any trusts created out of the residuary estate of such testator *and* other persons entitled to such residuary estate." The second sentence directs that such income " shall be paid ratably to the life beneficiary of a trust, or to the life tenant, *or* to the *absolute* residuary legatee, as the case may be."

The object to be attained in thus modifying somewhat the case law rule having been to distribute certain accruals " as income," so far as practical, the court is required to read the language of the will and of the enactment consistently with the accomplishment of that purpose, rather than to create confusion by sticking to the letter of the section and leaning toward a distribution of such interim income as capital. In such cases, " and " may be read to mean " or," and *vice versa*, if there be need so to do in order to carry out the intention which the Legislature seemingly now presumes the testatrix to have had in prospect.

Two of the three legacies to the daughter may be said to lie within the exception of the general case-law rule which this section 17-b was designed to extend to others. Legacies of income, like two of those now in hand, from a parent either to a child, or to a grandchild — especially if they be minors — where the legatee is not otherwise provided for, or is dependent, have ever been construed to carry income from the date of testator's death; and particularly so where the will expressly states the legacy is for support or education. (*Matter of Hayden*, [1894] 77 Hun, 219, 222; *Matter of Fowlston*, 150 Misc. 387.) The third sentence of section 17-b declares that " unless otherwise directed " in the will, income shall be payable from " the date of testator's death."

" Where the income of an estate, or of a designated portion, is given to a legatee for life, we think it is clear that he becomes entitled to it whenever it accrues, and if the estate is productive of income from the death of the testator, he can require the executor to account to him for the income from that time.

" The rule that general legacies shall not bear interest until the expiration of one year from the grant of letters * * * has no application in such a case." (*Matter of Stanfield*, 135 N. Y. 292, 294.) The reason for that last remark is said by another court to be that the legatee of income is merely seeking to obtain the legacy itself, in its entirety, and not interest on it for delay in payment.

How well the daughter of this testatrix, or the minor grandchildren, are provided for outside of this will, was not made known to the court on this submission. However, it is clear that the testatrix meant her daughter to have, so long as she lived, all the income on the residual portion of her estate; and testatrix just as clearly intended that no income should be paid to the grandchildren, now living or hereafter born, until after the death of their mother. This being so as to the great bulk of the income, one may well infer that it was meant to be so, too, as to the comparatively minor portion of income that the residual portion

might earn during the period of the executor's liquidation, preparatory to setting up the trusts, especially in view of the implied intention to that effect which the courts have found in such cases of legacies of income from parent to child. (See *Cooke* v. *Meeker*, 36 N. Y. 15.) This will and codicil are silent on the subject of interim income.

In each of the two trusts for the daughter, the latter's children are the secondary life beneficiaries; and the general residue is given to the " lineal descendants " of the daughter, *per stirpes.* In the latter respect, neither of the daughter's children who are now living could be the " absolute residuary legatee " within the meaning of this section; for this residue is predicated on the death of all the life beneficiaries and the termination, for that reason, of the trust. So, these children are not intended as " lineal descendants " to take corpus after their own death. In this case there is no " absolute residuary legatee " in existence at this time. As to the residuary trust, therefore, there could not be a tripartite division now of the interim income thereon, such as the special guardian suggests as to other portions of this estate. The language of the second sentence of this section 17-b is controlling on the first; and would be applicable to a case, unlike the present residuary legacy, where part of the residue was given absolutely to a person other than a life beneficiary of the rest. Where a portion of the residuary estate is given absolutely, the common-law rule still obtains, confirmed by this new section, to the extent that a proportionate part of the interim income is held or declared to belong to the absolute residuary legatee together with his portion of the residual principal. (*Matter of Hayden,* 77 Hun, 219.)

There is another trust created in the codicil to this will whereby — ahead of the residuary provisions — $300,000 is given a trustee to pay income therefrom to the daughter of testatrix during the daughter's life, and upon her death the income is to be paid to the grandchildren, with remainder over to the daughter's " lineal descendants " as aforesaid. In respect to this trust, as in the case of the residuary trust, the special guardian concurs in the opinion that the interim income from this fund goes to the daughter, as the one to whom testatrix intended all the income on these two funds should be paid as long as this beneficiary lived; and the new section confirms such disposition of that income.

The objection of the special guardian is directed rather to the disposition of the interim income on the other portions of the estate — first on the sum of about $280,000 spent for administration purposes — and next on the sum of an outright legacy of cash and

household goods to the daughter, under the codicil, having the value of about $311,000.

There probably was some income derived from the $280,000 paid out as expenses of administration, for that sum was not paid out all at one time. Whatever this fund might average as income received or to be credited during the period of liquidation would all fall, by case law, to the principal of the residuary trust as capital; but by section 17-b it all now goes " as income " to the daughter to whom testatrix gave all the income on the residuary estate for her life. As stated above, there is no " absolute residuary legatee " now in existence in this case; and the income intended for the daughter's children is secondary and subordinate to the right of their mother to all of the income, which includes the interim income, as well as the trust income, of this part of the estate. As to this part of the estate, the guardian's objection is without foundation.

The interim income received on the $311,000 that was given outright in cash and furniture to the daughter falls by case law to general residue, but now passes solely under section 17-b to the daughter to whom testatrix gave all the income on the residue of her estate. Here also the suggested tripartite apportionment of this portion of the interim income is not legally possible, for the reasons stated above.

By the codicil two legacies of $5,000 each are given absolutely to the two grandchildren. On these " interest " in the sum of $141.66 has been paid to each of these legatees. Interest on such outright money legacies could not have been successfully demanded until after the end of seven months from the issuance of letters. In that interim of seven months the income which was earned by this fund of $10,000 falls by case law into the general residuary portion of this estate as capital; but solely under section 17-b now passes " as income " to the life beneficiary of all the income on the residuary estate.

Interest, properly so called, from and after the end of the seven months is a charge on residual principal in favor of these legatees.

Let the decree of judicial settlement be framed in accord with this decision, and entered.