Walter R. Hart, J.
Plaintiffs herein instituted suit to enjoin defendants, 4 out of 28 directors of a membership corporation which functions as a political club, from calling or holding a special meeting of the board of directors which was to be held for the announced purpose of adopting by-laws of the corporation. Plaintiffs served on defendants an order signed by the Justice presiding at Special Term, Part II, directing them to show cause why an injunction pendente lite should not issue and restraining them and those acting in privity or concert with them from conducting a meeting of the board of directors and staying the defendants from so doing until the hearing of the motion. Defendants purporting to “ appear specially” cross-moved to vacate the stay and by a separate motion to dismiss the complaint for insufficiency. Defendants have also instituted an article 78 proceeding to compel the chairman of the board of directors and the president of the corporation to call a special meeting of the board for the purpose of adopting by-laws.
The merits of the controversy are not before this court. The only issue presently to be resolved is the application to vacate and declare ‘ ‘ void the order to show cause restraining the defendants herein from exercising their powers as directors of the plaintiff corporation pursuant to the provisions of General Corporation Law Section 135, and for such other and further relief as to this Court may seem just and proper. ’ ’
Section 135 of the General Corporation Law provides as follows: “ § 135. Eesquisites of injunction against corporations in certain cases. An injunction order, suspending' the general and ordinary business of a corporation, or restraining a director or officer thereof from the exercise of his powers can be granted only by the court, upon notice of the application therefor to the proper officer of the corporation, or to the director or officer enjoined. If such an injunction order is made, otherwise than as prescribed in this section, it is void. ’ ’
Upon the argument, defendants requested that the stay contained in the order to show cause be declared void and contended that such relief was available under the omnibus clause of the notice of motion. Defendants urge that the court grant this application since the stay was void as provided for in the statute above set forth. The court is of the opinion that the merits of the application may be considered since 1‘ Under a prayer for general relief * * * such as one asking for *824 such other and further relief as may be just, if the motion is opposed, relief allied to the specific request asked for may be given, to such an extent as the facts presented on the motion warrant. The granting of relief other than that specifically asked for in such case lies in the discretion of the court.” (1 Carmody-Wait, New York Practice, p. 672.) It is the opinion of the court that the stay granted by the ex parte order to show cause is not violative of section 135 of the General Corporation Law. The statute interdicts and declares void the ex parte grant of ‘ ‘ An injunction order, suspending the general and ordinary business of a corporation, or restraining a director * * * thereof from the exercise of his powers ”. A fair reading of the statute discloses a legislative intent that the two phrases be read together and that the word “ or ” is conjunctive in meaning rather than disjunctive; that an ex parte restraint of a power of a director which does not interfere with the general and ordinary business of a corporation is not within the prohibition of the statute. The conjunctive particle is often construed as disjunctive when the change better expresses the intent of the Legislature. (Matter of Long v. Jerzewski, 235 App. Div. 441; Matter of Dunn, 170 Misc. 702; Horn v. Klugman, 112 Misc. 171; Jewell v. City of Ithaca, 36 Misc. 499; People v. Trustees of Northwestern Coll., 322 Ill. 120; Abby v. Board of Directors of Honcut Yuba Irrigation Dist., 58 Cal. App. 757; Ahriveiler v. Board of Supervisors, 226 Iowa 229; Bradford v. Louisiana Public Serv. Comm., 189 La. 327.)
In determining the meaning of the statute the court concludes that it was the intention of the Legislature not to allow an ex parte injunction restraining a corporation from pursuing its general and ordinary business; that to effectuate that intention and prevent a circumvention or frustration thereof it was provided that the powers of the officers or directors in that connection— the general and ordinary business of the corporation — should not be suspended unless notice of the application therefor was given to the officers or directors. The word “ power ” as employed in the statute is not synonymous with the word “ right ”. While a group of members of the board of directors of a membership corporation may have the right to call upon the chairman of the board to hold a special meeting for the purpose of adopting necessary by-laws pursuant to section 27 of the General Corporation Law, where the members have failed to promulgate same, and upon Ms refusal call for such a meeting without his consent, that right is not one which may be considered a power which can only be suspended by compliance *825 with, section 135 of the General Corporation Law. The enactment or failure to enact by-laws cannot result in the suspension of the general and ordinary business of the membership corporation. This is evident here where it is conceded that the corporation functioned for about 40 years without by-laws.
The conclusion reached here is buttressed by the statement in Nichols on Practice (Vol. 2, p. 1573), quoted in Town of Ft. Edward v. Hudson Val. Ry. Co. (127 App. Div. 438 [1908]) that the requirement of notice “refers only to injunctions extending to a total suspension of corporate business, and has no application where the injunction restrains only a single act or duty.”
The purposes of the membership corporation are set forth in its charter. Not a single one of them is suspended by the stay in the ex parte order here under attack. The cases cited by the defendants (City of New York v. Starin, 2 N. Y. S. 346; Town of Ft. Edward v. Hudson Val. Ry. Co., 127 App. Div. 438, 439, supra) are readily distinguishable on the facts. There the cor-' porations were stock corporations and were enjoined without notice from doing their general business. The case of Wilkie v. Rochester & State Line Ry. Co. (12 Hun 242) is also clearly inapposite.
Accordingly, defendants’ motion insofar as it seeks a vacatur of the stay in the order to show cause is denied. Submit order.