THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL MITACEK, Relator, *v.* J. P. JENSEN and Others, Assessors of the Town of Vestal, Broome County, New York, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES D. MURRAY and VERONICA MURRAY, Relators, *v.* J. P. JENSEN and Others, Assessors of the Town of Vestal, Broome County, New York, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FLOYD L. WRIGHT, Relator, *v.* J. P. JENSEN and Others, Assessors of the Town of Vestal, Broome County, New York, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES H. CONKLIN and IDA MAE CONKLIN, Relators, *v.* J. P. JENSEN and Others, Assessors of the Town of Vestal, Broome County, New York, Respondents.

Supreme Court, Special Term, Broome County, January 13, 1942.

*John J. Dapolito,* for the relators.

*Emory C. Ressequie,* for the respondents, appearing specially.

PERSONIUS, J. In each of the above proceedings the relator or relators seek to review the assessment on their respective properties by the assessors of the town of Vestal, Broome county, N. Y. In each the respondents move for an order quashing the writ and dismissing the proceedings. They contend that the petition in each proceeding was not presented " within thirty days after the final completion and filing of the assessment-roll," as required

by section 291 of the Tax Law, as amended by chapter 382 of the Laws of 1939, effective January 1, 1941. (All references are to the Tax Law.)

The relators contend that this period of limitation begins to run on the last day that the assessment roll is *required* to be filed with the town clerk, viz., September 15, 1941. (§ 29.) The respondents contend that it begins to run on the day that the tax roll is *actually* filed, in this instance August 19, 1941. The relators' petitions were presented October 15, 1941. If the thirty-day limitation began to run on the last day that the assessment roll was *required* to be filed, namely, September fifteenth, they were presented in time. If such limitation began to run on the day when it was *actually* filed, namely, August nineteenth, they were filed too late  The sole question, therefore, is when such period of limitation began to run.

The relators do not claim that the assessors in any respect failed to comply with section 29 in preparing, completing, certifying and filing the assessment roll, giving notice thereof, etc. It is not disputed that the assessment roll was filed August 19, 1941, although it was not required to be filed until " on or before the fifteenth day of September," 1941.  (§ 29.)

We think the petitions were required to be presented within thirty days from the time the roll was *actually* filed, which time expired September 18, 1941, and that they were, therefore, presented too late.

The relators concede that prior to the 1939 amendment of section 291, the petition must have been presented within thirty days from the *actual* filing. (*People ex rel. American Exchange Nat. Bank* v. *Purdy*, 196 N. Y. 270, 276.) But they contend that such amendment changed the rule. Prior to the amendment, the statute required the petition to be presented " within thirty days after the final completion and filing of the assessment roll and the first posting or publication of the notice thereof as required by this chapter." The amendment omitted the words, " and the first posting or publication of the notice thereof as required by this chapter." The relators say this omission indicated an intent on the part of the Legislature to make the *fixed* date, September fifteenth, the starting day of the thirty-day limitation. We cannot agree. Theretofore the starting date was indefinite, namely, the date of the filing of the roll or of the first posting of the notice, or of the publication (where publication was required) of the notice. The amendment clarified and made definite the starting time of the limitation by making it the date of the " filing " of the assessment roll. This was a date which could always be readily

ascertained by inquiry at the town clerk's office. The taxpayer might or might not know the date of the first posting of notice or of the publication. In *People ex rel. American Exchange Nat. Bank* v. *Purdy* (*supra*) no notice had been given, so there was no limitation.

There seems to be no reported adjudication of the question since the amendment. The relators cite only an editor's note in 8 Bender's Forms for the Consolidated Laws (1940 Supp., p. 77), reading: " The period of limitation does not run from the time of first posting or publication of notice of the completion. (See Tax Law, § 291, as amended.) " With this we agree, but that does not say that the period of limitation does not run from the time of actual filing, or that it does run from the last day when the assessment roll was *required* to be filed. The relators also point to the criticism in *People ex rel. Albany County Savings Bank* v. *Lewis* (226 App. Div. 182 [1929]) as the reason for the amendment in 1939. That criticism was not of section 29 or section 291 but of a special " archaic " statute regulating assessments in the city of Albany and of the " haphazard and confusing " methods thereunder. We see no connection between this criticism and the amendment of section 291 ten years later.

The language of the section is plain: " within thirty days after the final completion and filing of the assessment roll." Section 291 requires the assessment roll to be filed " on or before the fifteenth day of September." This authorizes its filing any time after it is completed and before that date. If the Legislature had intended that the period of limitation begin on the last day that the assessment roll was *required* to be filed, or that the petition must be presented within thirty days from that date, it could very simply have provided that the petition be presented within thirty days from September fifteenth or by October fifteenth. Instead it required it to be presented within thirty days after the final completion and filing. We think it meant after its actual filing, regardless of when it might have been filed.

If an assessment roll is filed late, *i. e.*, after September fifteenth, it is neither illegal nor void. (*Rose* v. *Elliott*, 218 App. Div. 287; *Matter of Long* v. *Jerzewski*, 235 id. 441.) If the relators' contention is correct, and it was completed and filed thirty days late, an aggrieved taxpayer would be debarred from reviewing his assessment. The petitions were filed too late and must be quashed. (§ 293, last sentence; *People ex rel. New York Central R. R. Co.* v. *Gilson*, 239 App. Div. 108; affd., 265 N. Y. 457; *Matter of Long* v. *Jerjewski*, *supra*.)

The motions are granted. Submit orders.