THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN G. BYLER, Relator, against JAMES M. SMITH, Assessor, and MUNROE STINER et al., Constituting the Board of Review of the Town of Mamaroneck, Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HATTIE S. BACHE et al., as Trustees under the Will of LEOPOLD S. BACHE, Deceased, Relators, against JAMES M. SMITH, Assessor, and MUNROE STINER et al., Constituting the Board of Review of the Town of Mamaroneck, Respondents.

Supreme Court, Westchester County, April 22, 1943.

*Becker & Bitz* for relators.

*John L. Delius* for respondents.

PATTERSON, J. In each of the above-entitled proceedings, the respondents move to dismiss the same on the ground that the writ of certiorari herein was not allowed within thirty days after the final completion and filing of the assessment rolls. It is conceded that the rolls were filed on the 11th of September, 1942, and the writ was not allowed until the 14th day of October, 1942, or a period of more than thirty days from the date of the filing, as provided by section 291 of the Tax Law.

The town of Mamaroneck is one of the towns in the county of Westchester, and the preparation and filing of the assessment roll is therefore governed by the Westchester County Tax Act. (L. 1916, ch. 105, as amd.) Section 11 thereof provides: " On the fifteenth day of September in each year, a new assessment roll shall be filed," et cetera (amd. L. 1934, ch. 632). This language differs from that pertaining to towns outside of Westchester County as provided by section 29 of

the general Tax Law. That portion of section 29 which pertains to the filing of assessment rolls reads: "In towns assessors shall prepare and verify the assessment-roll * * *. When the assessment-roll shall have been thus finally completed and verified, and the copy thereof certified the assessors shall, on or before the fifteenth day of September, file the said certified copy in the office of the town clerk".

Under the Westchester County Tax Act, the roll shall be filed on the 15th of September, whereas under the general Tax Law the roll shall be filed on or before the 15th of September. The language of the Westchester Act provides that the rolls in all towns in the county shall be filed on a fixed date. If this were not the intention, the Legislature could have used the same language as the general Tax Law.

It is the relators' position that regardless of the date on which the respondents actually filed the roll, the thirty-day period in which to institute certiorari proceedings did not commence to run until September 15th, the date, on which the Westchester Act provides the roll shall be filed. The assessors concededly did not literally comply with the Westchester County Act, in that they filed the roll prior to the 15th, whereas the Act provides that it should be filed on the 15th. Should this failure of literal compliance work to the prejudice of the relators? It would hardly seem so, if the Westchester Act is to be literally construed, namely, as being mandatory that the roll shall be filed on the 15th of September, and not prior thereto.

The Westchester law works for uniformity and protects the taxpayers who desire to have their assessments reviewed, knowing the last date or dates in which to bring proceedings. It would seem as though the draftsman of the Westchester law had this in mind in expressly fixing a date on which the roll should be filed. The apparent object in fixing a date is to limit the time in which proceedings can be brought.

I am mindful of the provisions of section 291 of the general Tax Law which provides for the presenting of a writ in thirty days after the final completion and filing of the assessment roll, but wherever the general Tax Law applies, specific provision is made in the County Act. I think, in applying section 291 of the general Act, a construction should be placed upon it which would inure to the benefit of the taxpayer, particularly where the taxpayer may be deprived of his day in court to review the assessment placed on his property.

Not without misgiving, I deny the motion to dismiss each of the above-entitled proceedings.