JEROME TANENBAUM, Respondent, *v.* ELLA B. O. HALLETT et al., Appellants.

First Department, April 20, 1945.

*Paul A. Crouch* of counsel (*Clark, Carr & Ellis*, attorneys), for appellants.

*Daniel Rhoades* of counsel (*Szold, Brandwen & Shubert*, attorneys), for respondent.

GLENNON, J. This is an action upon a written agreement to recover compensation for services rendered in obtaining a reduction of the assessed valuation of defendants' real property for the tax year 1942–1943. The defendants have appealed from two orders, one of which grants plaintiff's motion for summary judgment and the other denies their motion for similar relief.

The defendants are owners of premises 295–309 Lafayette Street in the city of New York. On August 18, 1939, they entered into a printed form of agreement with plaintiff, a real estate broker, under which plaintiff was retained for the purpose of obtaining reasonable and equitable real estate tax assessments on their property for the year 1940–1941. For his services plaintiff was to receive one half of all tax savings effected as determined by a formula set forth in the agreement. A renewal clause provided for the continuance of the contract from year to year unless terminated in writing by either party prior to July 15th of any year. By virtue of this provision the agreement was renewed for the tax year 1942–1943.

On January 25, 1942, the Tax Department of the City of New York placed a tentative assessed valuation of $500,000 upon defendants' property for the year 1942–1943. Through the efforts of plaintiff that valuation was reduced by the Tax Department to $475,000, and he has been paid the sum of $372.50 representing one half of the tax savings resulting from the $25,000 reduction.

The plaintiff contends that under the provisions of paragraph "4" of the agreement his compensation should be computed on the basis of an $85,000 reduction and that he is therefore entitled to $894 in addition to the $372.50 already received. In this connection paragraph "4" provides that the amount of reduction shall be determined by deducting "the final determination or assessment" for 1942–1943 from the tentative assessment for that year or the final assessment for the previous year, whichever is greater. Plaintiff's claimed reduction of $85,000 is based upon a construction of the agreement under which the final assessment for 1941–1942 is greater than the tentative assessment for 1942–1943. As defendants construe the agreement, the tentative 1942–1943 assessment is greater. The sole issue, therefore, is the construction that is to be placed

upon the term "final assessment" as used in the agreement so that it may be determined which of the two amounts is the greater.

It appears that for the year 1941–1942 the Tax Department first placed a tentative assessed valuation of $570,000 upon the property, and later fixed it at $560,000. The defendants then instituted tax certiorari proceedings as a result of which the assessment was further reduced to $475,000 for the year 1941–1942.

Plaintiff contends that "final assessment" means the assessed valuation as finally determined by the Tax Department in contradistinction to the tentative assessment. On the other hand the defendants construe the term to mean the valuation of $475,000 as finally determined by the court for the year 1941–1942 and from which no appeal was taken.

We are of the opinion that the term "final assessment" as used in the agreement refers to the valuation as fixed after judicial review. The difficulty with the construction urged by the plaintiff is that it ignores the other provisions relating to his compensation. An analysis of paragraph "4" as a whole indicates quite clearly that what the parties had in mind was the assessment, as finally determined by administrative or judicial authority, upon which taxes were to be paid.

Examining that paragraph we find that plaintiff is to receive one half of the tax savings "effected by any and all reductions" without regard to the manner and by whom they are obtained. While the plaintiff is not an attorney, he is entitled to receive a part of all tax savings resulting from tax certiorari proceedings even though he renders no services whatsoever in connection therewith. In such case he receives one half of the tax savings less the expenses of the litigation.

With respect to payment it is provided that plaintiff's compensation shall be payable after the valuation has been "finally determined either by administrative or judicial authority or otherwise." It is apparent, therefore, that for the purpose of determining plaintiff's compensation for the year 1941–1942, the valuation of $560,000 fixed by the Tax Department was not to be considered the final assessment for that year. Plaintiff still had an interest in any reductions from that amount whether made by "administrative or judicial authority." Since it was not final for the purpose of computing the 1941–1942 compensation, it may not be said that it is final for determining the compensation for the following year. In the absence of language to the contrary it may not be treated as an intermediate assessment

in one year and as a final one in the next. The printed form of agreement having been drafted by the plaintiff, its provisions are to be strictly construed against him. (*Gillet* v. *Bank of America,* 160 N. Y. 549.)

For the reasons assigned the orders appealed from should be reversed, each with $10 costs and disbursements to the appellants, the motion of the plaintiff denied and that of the defendants granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and DORE, JJ., concur.

Orders unanimously reversed, each with $10 costs and disbursements to the appellants, the motion of the plaintiff denied and that of the defendants granted.