THE PEOPLE OF THE STATE OF NEW YORK ex rel. CITY OF NEW YORK, Relator, against EDWIN E. HOAR et al., as Assessors of the Town of Wawarsing, Ulster County, Respondents.

Supreme Court, Special Term, Ulster County, December 20, 1947.

*Lounsberry & Lonstein* for respondents.

*John P. McGrath, Herman E. Gottfried* and *Francis T. Murray* for relator.

MURRAY, J. Relator, the City of New York, is the owner of real property in the town of Wawarsing, Ulster County, New York. Respondents, assessors, included its property on the assessment roll of the town of Wawarsing, Ulster County, for the year 1947 and fixed the assessment at $2,880,189. Relator on grievance day, the second Tuesday of August, 1947, filed a formal protest in writing with the assessors alleging the assessment as made was illegal, erroneous, unequal and void. The assessment rolls were filed in the office of the town clerk of the town of Wawarsing on September 8, 1947. Thereafter, on

September 11, 1947, a notice was published in a town newspaper, the *Ellenville Journal,* by the assessors for the first time that the assessment roll was completed and filed. The motion papers do not show posting of the notice of completion and filing of the assessment roll in at least three conspicuous places in the tax district. Relator, on October 10, 1947, obtained from a Supreme Court justice a writ of certiorari to review the assessment. Respondents' motion is for an order to quash the writ by reason of alleged noncompliance with section 291 of the Tax Law in failing to obtain same within thirty days after the final completion and filing of the assessment roll.

The question at issue is when must a taxpayer in towns apply for a writ of certiorari to review assessments as fixed by town boards of assessors. The basic problem involves construction of statutes relative to mode of assessments in towns and the right of aggrieved taxpayers of review and redress by application to the courts. Section 291 of the Tax Law insofar as pertinent states a petition must be presented to a justice of the Supreme Court or at a special term of the Supreme Court in the judicial district in which the assessment complained of was made within thirty days '' after the final completion and filing of the assessment-roll.'' Section 29 of the Tax Law embraces the various steps which must be taken for an assessment to be valid. That part of section 29 here applicable declares '' In towns assessors shall prepare and verify the assessment-roll, and make and certify one copy thereof. When the assessment-roll shall have been thus finally completed and verified, and the copy thereof certified the assessors shall, on or before the fifteenth day of September, file the said certified copy in the office of the town clerk; to remain for public inspection until delivered by the town clerk to the supervisor of the town as hereinafter provided. *The assessors shall forthwith cause a notice to be posted conspicuously in at least three public places in the tax district, and to be published in one or more newspapers, if any, published in the town, that such assessment-roll has been finally completed and stating that such certified copy has been so filed.''* (Italics mine.) The respondents contend a taxpayer must apply within thirty days for a writ of certiorari after the assessment roll has been completed and filed in the office of the town clerk.

The relator challenges and takes direct issue with such a construction of the law. It asserts, to the contrary, the thirty-day period of limitation within which a taxpayer has a lawful legal right to apply for the writ does not commence until the notice

of completion and of filing the assessment roll by the board of assessors has been duly posted and published as required by section 29 of the Tax Law. That the assessment has not been finally completed and filed until the assessors have finished their entire work as directed by statute.

Section 291 of the Tax Law and section 29 should be construed together to effectuate the general intent of the Legislature. If possible such sections of the Tax Law must harmonize with each other. We are admonished to construe all parts of a statute together as a whole. Such is the law. (*Goldstein* v. *State of New York*, 281 N. Y. 396.) Prior to the year 1939, section 291 of the Tax Law provided that a petition for a writ of certiorari had to be presented " * * * within thirty days after the final completion and filing of the assessment-roll and the first posting or publication of the notice thereof as required by this chapter."

Section 291 of the Tax Law was amended and as amended became effective January 1, 1941 (L. 1939, ch. 482) by which words " and the first posting or publication of the notice thereof as required by this chapter " were deleted therefrom. Section 29 of the Tax Law was not amended. The assessors of the towns were still bound and obligated to post and publish a notice that the assessment roll had been finally completed and filed by them in the office of the town clerk. The necessity of posting and publishing is clearly indicated by the Appellate Division, Fourth Department, in *Matter of Long* v. *Jerzewski* (235 App. Div. 441, 442): " The law contemplates that every taxpayer shall have an opportunity to review his assessment. To determine whether he desires so to do, he must know when the roll is completed, and where it can be inspected. This notice gives him the required information. It has another purpose, viz., to set in motion the time within which a taxpayer must apply for a writ of certiorari. (*People ex rel. American Exchange National Bank* v. *Purdy*, 196 N. Y. 270, 276; *People ex rel R., W. & O. R. R.* v. *Haupt*, 104 id. 377, 381.) "

While it is true section 291 of the Tax Law declares a petitioner for a writ of certiorari to review an unlawful assessment must apply for it within thirty days after the final completion and filing of the assessment roll, nonetheless, courts are not always controlled or confined in a straight jacket by the literal meaning expressed in a single isolated section of a statute. It has been well and succinctly declared by our highest court whatever is within the spirit although not within the letter is within the statute and what is within the letter and not within

the spirit is not within the statute. (*Walden* v. *City of James-town*, 178 N. Y. 213; *Delafield* v. *Brady*, 108 N. Y. 524.)

The purpose and reason of the Legislature is the guide to be taken into account in construing statutes and all parts of an act must be read together and not one single section to determine legislative intent. Many, many years ago a wise jurist and philosopher stated " * * * it is not the Words of the Law, but the internal Sense of it that makes the Law, and our Law (like all others) consists of two Parts, viz. of Body and Soul, the Letter of the Law is the Body of the Law, and the Sense and Reason of the Law is the Soul of the Law, quia ratio legis est anima legis." (*Eyston* v. *Studd*, 2 Plow. 459, 465.)

There is much sense in the old maxim that " he who considers merely the letter of an instrument goes but skin deep into its meaning " and that truism is particularly appropriate here if consideration alone be given to the literal language of section 291 of the Tax Law as respondents assert. Adherence to the strict letter of a statute should never be permitted to defeat the general, manifest and reasonable purpose intended to be promoted. A statute will not be permitted to work injustice or an absurdity. (*Riggs* v. *Palmer*, 115 N. Y. 506; *Surace* v. *Danna*, 248 N. Y. 18.) Sections 291 and 29 of the Tax Law are remediable statutes and as such must be liberally construed. Technicalities are to be brushed aside. (*People ex rel. N. Y. City Omnibus Corp.* v. *Miller*, 282 N. Y. 5.)

The reasonable construction by the ordinary layman of section 29 of the Tax Law requiring both posting and publishing of the final completion and filing of the assessment roll is that due public notice of the assessors' findings must be given by them publicly to inform taxpayers to the end that they have opportunity to inspect a public record and discourage secrecy. Unless so, the mandatory procedure of posting and publishing (Tax Law, § 29) is but a futile meaningless gesture and sheer waste of public funds. The posting and publishing of the notice is a beacon and signal light to the town taxpayers that they may inspect the tax rolls and the place where, to enable them to take such legal action in the premises as they deem advisable if their protests as to assessments have gone unheeded, ignored and overruled. The thirty-day period of limitation for an aggrieved taxpayer within which to apply for a writ of certiorari does not commence to run until posting and publication have been commenced. (*People ex rel. Rome, W. & O. R. R. Co.* v. *Haupt*, 104 N. Y. 377.) Town assessors have not *finally* completed their duties as such insofar as they may make any

changes or alterations in the assessment rolls as filed by them in the town clerk's office until after posting and publishing the required statutory notices to the taxpayers. The word " final " means a disposition which leaves nothing further to be done. .(Bouvier's Law Dictionary; *Tanenbaum* v. *Hallett,* 269 App. Div. 174.)

Respondents rely largely in support of their motion to quash the writ on *People ex rel. Mitacek* v. *Jensen* (177 Misc. 919). The facts in that proceeding are not similar to the issue here in this proceeding at bar. In the *Mitacck* proceeding (*supra*) relators contended the period of limitation within which to obtain a writ of certiorari began to run on the last day that the assessment roll is required to be filed with the town clerk, viz., September 15, 1941. " A judicial opinion, like a judgment, must be read as applicable only to the facts involved and is an authority only for what is actually decided." (*Rolfe* v. *Hewitt,* 227 N. Y. 486, 494.)

For the reasons herein stated motion of respondents denied. Submit order in accordance herewith.