In the Matter of J. J. NEWBERRY Co., Petitioner, against RICHARD J. KINNAW, as Commissioner of Assessment and Taxation of the City of Albany, Respondent.

Supreme Court, Special Term, Albany County, May 19, 1950.

*Powell & Jacobs* for petitioner.

*James J. McGuiness, Corporation Counsel,* for respondent.

Taylor, J. The petitioner seeks a review of its assessment on real property located in the city of Albany by the assessor of that city who moves to dismiss the petition and proceeding on the ground that the petitioner has failed to serve the petition and notice in the proceeding within thirty days after the final completion and filing of the assessment roll as prescribed by section 290-a of the Tax Law. It is not disputed that the petition and notice were served on the respondent on December 30, 1949.

The assessment of real property in the city of Albany is regulated by a special statute (L. 1850, ch. 86, as amd. by L. 1883, ch. 513; *People ex rel. Albany Co. Sav. Bank* v. *Lewis,* 226 App. Div. 182.) The procedure defined therein requires the board of assessors to complete the assessment rolls on or before September 1st in each year, to cause notice thereof to be published for at least twenty days stating that the rolls have been completed and may be examined at the assessors' office in the city hall and that the assessors would meet for five days at the expiration of said twenty days. The board must meet at the time and place specified in the notice and review the assessments objected to. If no objections are made or immediately after the disposition of any such, the assessors must verify the rolls which remain in their custody. The rolls must be reopened for public inspection from the third Thursday in November to the fourth Thursday in November after fifteen days' prior notice of such

opening by the assessors. The statute requires the completed and verified assessment rolls to be delivered by the assessors to the clerk of the Board of Supervisors on or before December 1st of each year. Pursuant to chapter 300 of the Laws of 1921 the common council of the City of Albany abolished the office of assessor and created a department of taxation in its place. The special act (L. 1850, ch. 86, as amd.) is silent on the subject of procedure for the review of an assessment and in the absence of such procedural provisions, recourse may be had to the general act relating to taxation (Tax Law, art. 13) for the procedure to be adopted. (*People ex rel. Albany Co. Sav. Bank* v. *Lewis, supra.*)

The petitioner contends that the period of limitation within which an aggrieved taxpayer was required to institute a proceeding to review his assessment began on December 1, 1949, the last day on which the special statute required the assessment rolls to be filed with the clerk of the Board of Supervisors. The respondent asserts that such period began on the day of the actual final completion and filing of the assessment rolls which the respondent's affidavit shows was November 24, 1949. The sole question to be determined is when the period of limitation began to run. If it began to run on the day of the actual filing, the petition and notice were served too late but if it began to run on the last day on which it was required to be filed, they were served timely.

The petitioner contends that since the special statute contains no provision for notice of the filing of the completed assessment rolls through publication or posting those contained in section 29 of the Tax Law relative thereto were intended by the Legislature to be applied. Otherwise it says that the only way in which an aggrieved taxpayer could be certain that it would be procedurally proper for him to institute his proceeding is by computing the thirty-day period from the time when the rolls by operation of law were required to be filed. I cannot agree. The special statute clearly informs a taxpayer when the rolls may be finally completed and filed by the assessor. Inquiry of the clerk of the Board of Supervisors would have disclosed the information. If the intention of the Legislature had been as the petitioner contends, it would have said that the proceeding must be commenced within thirty days after the last day on which the assessment rolls were required to be filed. Instead it said after their final completion and filing regardless of when that time was.

I think that this proceeding must have been commenced within thirty days after the actual final completion and filing of the assessment rolls with the clerk of the Board of Supervisors which time expired on December 24, 1949, and that service of the petition and notice to institute the proceeding on December 30, 1949, was not timely within the statute. (Tax Law, § 290-a; *People ex rel. Mitacek* v. *Jensen*, 177 Misc. 919.)

The decision in *People ex rel. City of New York* v. *Hoar* (191 Misc. 292) upon which the petitioner relies is distinguishable. There the court construed two statutes (Tax Law, §§ 29, 291), one of which required the assessor to post and publish a notice that the assessment roll had been completed and a certified copy filed with the proper public officer. The basis urged there for a dismissal of the writ was that the application was not made within the required time after such completion and filing. The court held that the time limit did not begin to run until the posting and publication had also been commenced. Here no such question is involved. Concededly, when filed with the clerk of the Board of Supervisors the rolls were finally completed without the necessity of posting or publication of any notice to that effect.

The decision in *People ex rel. Albany Co. Sav. Bank* v. *Lewis* (*supra*) wherein the procedure under the special statute relating to the City of Albany was criticized is also distinguishable since the court, for the purposes of that appeal, held that the fifteen-day limit could have expired before the taxpayer had had the opportunity of examining the rolls and that thereafter it would have been too late to institute his proceeding. The anomaly which the court there found to exist is not present here because it is not contended that the time limit began to run until after completion and filing. Morever there was no proof in that case as to when the rolls were completed and filed with the clerk of the Board of Supervisors. Hence, the court felt bound to assume that they were filed on the last day permitted by the statute.

The petition was filed too late and the motion to dismiss it is granted.

Submit order accordingly.