In the Matter of WILLIAM J. TAYLOR et al., Petitioners, against JOSEPH DUDLEY, Constituting the Board of Assessors of the Village of Tarrytown, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 25, 1952.

*Angelo E. Zingaro* for petitioners.

*Herbert A. McDevitt* for respondents.

EAGER, J.  This is a proceeding to review certain assessments appearing on the 1951 assessment roll of the Village of Tarrytown.  The assessor and the village officers, who are respondents, move to dismiss the proceeding upon the ground that it was not brought within the time limited therefor by section 109 of the Village Law.

It conclusively appears by the petition (see paragraph ninth) and by affidavits that the assessment roll for the Village of Tarrytown, completed and duly certified, was filed with the clerk of that village on January 28, 1952.  On the next day following (i. e., the 29th) notice of filing was posted and published in accordance with section 108 of the Village Law.  On the afternoon of the 28th day of February, the notice of application and petition herein was served upon the village clerk.

Section 109 of the Village Law now provides that a proceeding to review an assessment appearing on the assessment roll of the village " shall be commenced within thirty days after the completion and filing of the assessment roll in the manner provided by the tax law ".  The petition herein was not served until thirty-one days after the date of filing of the completed assessment roll.  The petitioners, however, contend that the proceeding was brought in time because it was brought within thirty days of the time of the first posting and publication of the notice of filing of the roll.

Prior to 1945, section 109 of the Village Law, did provide that an application for a writ of certiorari to review an assessment was to be made within thirty days after completion and filing of the assessment roll " and the first posting or publication of the notice thereof as required by section one hundred eight of this chapter " in the manner provided by the Tax Law.  Chapter 287 of the Laws of 1945 amended the statute by striking out the quoted words.  It reasonably follows that the Legislature intended by this amendment to thereby change the starting of the period of limitation so that it would run from the date of completion and filing of the roll rather than from the date of first posting and publishing of notice.  (See *People ex rel. Mitacek* v. *Jensen,* 177 Misc. 919.)

The petitioners, however, call attention to the words " in the manner provided by the tax law " appearing at the end of

section 109, and contend that the provisions of said section 109 should be construed the same as the provisions of section 290-a of the Tax Law. Section 290-a provides that a proceeding to review an assessment under article 13 of the Tax Law shall be commenced within thirty days after the '' final '' completion and filing of the assessment roll, and it has been held that within the meaning of this provision, an assessment roll is not to be deemed finally completed until the posting and publication of notice of the filing thereof. (See *People ex rel. City of New York v. Hoar*, 191 Misc. 292.)

The court, however, is of the opinion that the contention of the petitioners is not sound. In the first place, the words, '' in the manner provided by the tax law '' at the end of section 109 as presently written obviously refer not to the manner of the completion and filing of the village assessment roll nor to the time of the institution of the proceeding to review, but to the '' manner '' of beginning and maintenance of the proceeding, that is, the procedure to be followed. The fact is that sections 104–107 of the Village Law specifically provide in detail the manner in which a village assessment roll is to be completed and filed. It is to be noted that following these provisions for completion and filing, section 108 of the Village Law specifically provides that '' After completing and filing '' the roll, the village clerk shall cause notice thereof to be posted and published. Thus, it is conclusively indicated that the publication and posting of the notice of filing is not to be considered a part of the procedure of completing and filing the roll but is a separate act to come '' after '' the completion and filing of the roll. And, in the absence of some clear intent to the contrary, the words '' After completing and filing '' in section 108 should be given the same meaning as the words ''after the completion and filing '' in section 109.

The court, therefore, concludes that the thirty-day period of limitation starts to run on the date of filing of the completed roll. (See, also, *People ex rel. Mitacek* v. *Jensen, supra,* and *Matter of Newberry Co.* v. *Kinnaw,* 198 Misc. 321.) For the court to hold that the statutory period of limitation in which to bring the proceeding to review did not begin to run until after the first posting and publication of the notice of filing of the roll, as contended for by the petitioners, would be an usurpation by this court of the powers of the Legislaure by enlarging the statute beyond its plain import. In fact, the court would thereby be writing into the statute a clause that the Legislature took out

in 1945. This is forbidden to the court, for the court may only interpret statutes and not legislate by adding to or extending them.

The decision of *People ex rel. City of New York* v. *Hoar* (*supra*) is not controlling. That case involved a proceeding to review a town assessment. The court there was construing sections 29 and 290-a (former § 291) of the Tax Law and relied heavily upon the word '' final '' appearing before the words '' completion and filing '' in present section 290-a (former § 291) in holding that the '' final completion and filing '' included also the posting and publication of notice of filing. Here, we are construing section 109 of the Village Law, which does not contain the word '' final ''.

Submit order on notice dismissing the proceeding.