Isadore Bookstein, J.
Petitioners seek to review assessments against their real property. They served copies of their petitions, as required by section 706 of the Beal Property Tax Law together with the notices required by section 704 of the Beal Property Tax Law on the proper parties as defined by section 708 of the Beal Property Tax Law, on November 13, 1959.
The assessment rolls were delivered to the Board of Supervisors on October 13, 1959. While no answer has been served, there are answering affidavits showing such facts, and respondents move in accordance with subdivision 3 of section 702 of the Beal Property Tax Law to dismiss the proceedings as not having been served within the time fixed by subdivision 2 of section 702 of the Beal Property Tax Law. It is the contention of respondents that the last day to serve petitions and notices was November 12, 1959.
Subdivision 2 of section 702 of the Beal Property Tax Law provides as follows: ‘ ‘ Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section an assessment roll shall not be considered, finally completed and filed until notice thereof has been given as required by law.” (Italics added.)
*723 Concededly, no notice of completion and filing was given, in any manner, by respondents.
Since the short Statute of Limitations of 30 days by the express provisions of subdivision 2 of section 702 of the Real Property Tax Law does not commence to run until notice of completion and filing of the assessment roll has been given, and, since no such notice has been given, can the position of respondents be sustained? In other words, in the absence of notice, did the 30-day statute ever commence to run and, if so, when?
Section 506 of the Real Property Tax Law deals with the tentative completion of an assessment roll in each city and town and requires notice thereof and an opportunity for taxpayers to complain. It fixes a timetable for such action.
The matter of assessments of real property in the City of Albany is regulated by special statute. (L. 1850, ch. 86, as amd. by L. 1881, ch. 284 and L. 1883, ch. 513.) These were further amended by Local Laws, 1948, No. 4 of City of Albany, as amended by Local Laws, 1954, No. 1 of City of Albany, effective February 26,1954, which are preserved by virtue of section 1606 of the Real Property Tax Law.
The statutes and Local Law referred to set up procedure similar to that provided for by section 506 of the Real Property Tax Law, except as to the timetable. They provide for the completion of the assessment rolls on or before September 1st of each year; for the publication of notice and for the period of review. The rolls thus completed are, therefore, the counterpart of the tentative completion of the tax rolls provided for in the case of all cities by section 506 of the Real Property Tax Law, except for the timetable.
Those laws also provide for the delivery to the Clerk of the Board of Supervisors of the completed and verified assessment rolls on or before the 15th day of October of each year.
Section 516 of the Real Property Tax Law provides that “ the assessors shall finally complete the assessment roll and prepare and file a certified copy in the office of the city # * * clerk ’ ’. (Italics added.)
The difference between section 516 and Local Law No. 4 is once again a difference only as to timetable and the place of filing of the completed assessment roll. In either case, the roll thus filed is the completed final roll referred to in subdivision 2 of section 702 of the Real Property Tax Law.
A judicial review is regulated and governed by article 7 of the Real Property Tax Law and not by Local Law No. 4. In fact, Local Law No. 4 does not deal with judicial review. Indeed, *724 the respondents themselves base their objection on section 702 of the Real Property Tax Law.
Coming back then to section 516 of the Real Property Tax Law, dealing with the filing of the finally completed tax roll, that section provides that upon delivery of the final complete tax roll “ The assessors shall forthwith cause a notice to be published once in the official newspaper of such city * * * stating that the assessment roll has been finally completed and a certified copy thereof so filed for public inspection.”
Local Law No. 4 is silent on publishing of any notice of the filing of the final completed roll.
However, it would appear plain that the requirement for notice contained in section 516 of the Real Property Tax Law applies to the assessors of the City of Albany, even though its Local Law provides a different timetable and a different place of filing.
Since article 7 of the Real Property Tax Law regulates the procedure for a judicial review and fixes a short Statute of Limitations, its provisions govern these proceedings.
When in subdivision 2 of section 702 of that law, it provides expressly that “ For the purposes of this section an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law ’ ’, it is clear that the legislative intent was that notice be given in order to start the running of the 30-day limitation period. Otherwise the language employed is meaningless. And when that section refers to “notice * * * given as required by law ”, it becomes clear that the reference is to the notice provided for by section 516 of the Real Property Tax Law, upon the delivery of the finally completed tax rolls. And the requirements of that section as to publication of notice are as applicable to the City of Albany as to any other city.
There is logic and reason for such a conclusion. If a short Statute of Limitations is to begin to run, it is only reasonable that a person affected should have notice, actual or constructive, as to the commencement of such period.
Indeed, former section 290-a of the Tax Law, from which present section 702 of the Real Property Tax Law was derived, contained no similar provision for notice of the filing of the finally completed assessment roll. And it was under that former section of the Tax Law that the decision in Matter of Newberry Co. v. Kinnaw (198 Misc. 321) was rendered. There, too, the court held that proceedings for review of assessments were regulated by the Tax Law despite the special statute for the City of Albany with reference to the date of filing of the completed assessment roll. And there the court quite properly held *725 under the then section 290-a of the Tax Law, that the period of limitations commenced to run from the date of the filing of the finally completed assessment roll with the Board of Supervisors. But there, under the then section 290-a of the Tax Law, there was no provision for notice of the filing. Here, the running of the statute is tolled until the giving of notice, by the express provisions of subdivision 2 of section 702 of the Beal Property Tax Law.
The purpose of such a notice is obvious. As stated by the Court of Appeals in People ex rel. American Exch. Nat. Bank v. Purdy (196 N. Y. 270, 276), dealing with a notice of the completion and filing of an assessment roll: “ One object of the notice is to set in motion the period of fifteen days so that it will begin to run, and as no notice was given in the case before us, the period of limitation prescribed by section 251 had not expired when application was made for the writ. * * * In thus holding that there was no limitation as a matter of law, we do not wish to intimate that the Supreme Court might not well, in the exercise of its discretion, when there has been a long delay in applying for the writ, dismiss it on account of laches.”
In these cases, of course, there could be no claim of laches reasonably asserted.
Were no notice required of the filing of the finally completed assessment roll, the taxpayer as well as the city would be confronted with a most burdensome and almost impossible problem. It should be borne in mind that, under Local Law No. 4, the final completed assessment roll must be delivered to the Board of Supervisors on or before October 15 in each year.
By Local Law No. 4, the counterpart of the tentative assessment rolls is open for inspection by taxpayers for 20 days each year commencing on or before September 1. Notice of the date on which said rolls will be open for inspection must be published each year. Thereafter the rolls.are closed and the assessors review complaints filed and then finally complete the rolls. Thereafter the finally corrected and completed rolls must be open for inspection from October 1 to October 10, and notice thereof published. Thereafter, the finally completed rolls must be filed on or before October 15. This means that they may be filed on any day commencing October 11 and ending October 15. But how is a taxpayer to know on which of those days the assessors choose to file it? Must every taxpayer affected either telephone or call at the office of the Clerk of the Board of Supervisors each day during such period to ascertain whether or not the final assessment roll has been filed, at the peril of not knowing when the period of limitation will begin? Or would they *726 have a right to assume that the filing will be on the last day permitted? Either course pursued subjects the taxpayer to a peril to which it is unreasonable to expose him. It is true that in Matter of Newberry Co. v. Kinnaw (198 Misc. 321, 323, supra) the court said: “ Inquiry of the clerk of the Board of Supervisors would have disclosed the information. If the intention of the Legislature had been as the petitioner contends, it would have said that the proceeding must be commenced within thirty days after the last day on which the assessment rolls were required to be filed. Instead it said after their final completion and filing regardless of when that time was.”
It seems to me that those statements of the court are indisputable. There, as already pointed out, the limitation statute was contained in former section 290-a of the Tax Law. Under that section, it was undoubtedly the duty of the taxpayer to inquire each day during the period afforded the assessors to file the completed roll, whether or not it had been filed, if the taxpayer was to protect himself against the running of the statute.
The Legislature, it seems clear, has corrected that situation when it added in section 702 of the Beal Property Tax Law, the provision that for the purpose of the commencement of the running of the 30-day limitation period, ‘ ‘ an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law ”. (Italics added.)
Section 516 of the Beal Property Tax Law provides for the publication of notice of filing of a finally completed assessment roll and to me it seems clear that that is the notice referred to in section 702 of the Beal Property Tax Law. Any other conclusion renders the second sentence of subdivision 2 of section 702 of the Beal Property Tax Law, utterly meaningless.
The motion to dismiss these proceedings is denied and the proceedings are adjourned to my chambers, to be brought up for the appointment of referees, by either petitioners or respondents, upon five days’ notice to the other.