Harold J. Hughes, J.
Petitioners instituted separate proceedings to review tax assessments under article 7 of the Real Property Tax Law. Respondent has moved to dismiss the petitions on the ground that the proceedings were not commenced within the time required by section 702 of the Real Property Tax Law, which provides in pertinent part: “ 2. Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law.”
*323 It is not disputed that the assessment roll was completed and filed and that notice thereof was posted and published as required by section 516 of the Beal Property Tax Law on July 1, 1971. These proceedings were not commenced until November 9, 1971, more than 30 days after the period of limitation began to run.
Petitioners’ argument that respondent’s failure to mail notices of increase in assessment in accordance with section 510 of the Beal Property Tax Law extended the time within which to commence the proceedings is without merit. The provisions of section 510 are directory only, in that 1 ‘ Failure to mail any such notice or failure of the owner to receive the same shall not prevent the levy, collection and enforcement of the payment of the taxes on such real property.” While it is nowhere stated that failure to mail or receive such notice shall not extend the time to complain or contest an assessment, such was clearly intended by the Legislature, since one object of the provisions for posting and publishing notice in section 516 is to set in motion the period of limitation prescribed by section 702 (People ex rel. American Exch. Nat. Bank v. Purdy, 196 N. Y. 270, 276; Matter of Denio v. Commissioner of Assessment & Taxation of City of Albany, 24 Misc 2d 721).
Citing Schroeder v. City of New York (371 U. S. 208), petitioners urge that notice by posting and publication deprived them of due process by failing to give them adequate notice of their individual assessments. The Schroeder case related to the adequacy of notice of condemnation proceedings, and is inapposite here. While every taxpayer must be afforded notice and an opportunity to complain of his assessment, all that is required is adequate notice (Stuart v. Palmer, 74 N. Y. 183), and notice by posting and publication is both reasonable and adequate under the circumstances (Matter of Long v. Jerzewski, 235 App. Div. 441; People ex rel. City of New York v. Hoar, 191 Misc. 292).
Bespondent’s motions to dismiss the petitions are granted, without costs.