Joseph F. Hawkins, J.
The respondent, Board of Assessors of the Town of Clarkstown (Town), moves to dismiss the proceeding initiated by the petitioner for a tax certiorari on the ground that it was not timely brought pursuant to section 702 of the Beal Property Tax Law.
The facts are not in dispute. It appears that the assessment roll was filed on July 13, 1973, and was published on July 14, 1973. The respondent’s Deputy Town Clerk attests that on July 13, 1973, she posted the notice of the filing of the assessment roll on the official bulletin board. Petitioner’s application was served by mail, "postmarked August 16, 1973, which, assuming that the time within which to commence the proceeding began on July 13,1973, would mean that the instant proceeding was not brought within the 30-day period provided for by statute.
The petitioner urges — and not without some cogency — • illustrating its argument by constructing a calendar demonstrating that although subdivision 1 of section 516 provides for the completion and filing of the roll annually on or before August 1 — the statutory date for the completion of the assessment roll— assuming the Town had previously completed and filed its tax roll on July 1, a taxpayer who first inquired on August 1 as to the tax-roll status would find he is time-barred.
The petitioner advances two grounds in opposition: firstly, the respondent’s failure to establish that it had given notice of the completion and filing of the assessment roll; and, secondly, that assuming such notice had been given, that the petitioner’s time within which to commence proceedings “ did not begin to run until 30 days after August 1st, the last day on which respondent was required to file a copy of the tax roll in the office of the Town Clerk.”
Two statutes directly involved are subdivision 2 of section 702 and subdivision 1 of section 516 of the Beal Property Tax Law. The former provides: 6 ‘ Such a proceeding shall be commenced within thirty days after the final completion and filing of the assessment roll containing such assessment. For the purposes of this section an assessment roll shall not be considered finally completed and filed until notice thereof has been given as required by law. ’ ’
Bespecting the requirement for giving notice for completion and filing, they are contained in the latter statute, which states; “ On or before the first day of August, the assessors shall finally *28 complete the assessment roll and prepare and file a certified copy thereof in the office of the city or town clerk. The assessors shall forthwith cause a notice to be published once in the official newspaper of such city or town, or if no newspaper has been designated the official newspaper, in a newspaper having general circulation in such city or town, stating that the assessment roll has been finally completed and a certified copy thereof so filed for public inspection. In towns, the assessors shall also cause a copy of the published notice to be posted on the signboard maintained for the posting of legal notices at the entrance of the town clerk’s office pursuant to subdivision six of section thirty of the town law. On or before the first day of September, the assessors shall deliver the original assessment roll, or a copy certified by the assessors as containing the same information, to the clerk of the board of supervisors.”
The first contention is disposed of by the movant’s submission for it contains affidavits of publication, notice of filing and the posting thereof, which averments respondent does not question.
I am not unmindful of expressions contained in several of the opinions cited by petitioner holding that liberal construction should be accorded to remedial statutes. I am, however, equally aware that the Court of Appeals, nevertheless, has strictly construed provisions relating to service, for example, of petitions for tax certiorari in the strictest of fashions. (Matter of City of N. Y. v. Christensen, 24 N Y 2d 1002.)
The petitioner stresses People ex rel. Byler v. Smith (181 Misc. 426, 427), in which Judge Patterson- held that under the Westchester County Tax Act, the assessment roll was to be filed on ‘ ‘ the 15th of September, whereas under the general Tax Law the roll shall be filed on or before the 15th of September. ’ ’ There the relators argued successfully that irrespective of the date on which the tax roll was actually filed, the 30-day period within which to institute certiorari proceedings would not commence until September 15, “the date on which the Westchester Act provides the roll shall be filed.” The court then concluded that although ‘1 mindful of the provisions of section 291 of the general Tax Law ’ ’, the provisions of the Westchester law were deemed applicable holding: “It would hardly seem so, if the Westchester Act is to be literally construed, namely, as being mandatory that the roll shall be filed on the 15th day of September, and not prior thereto.”
Absent a statute similar to that of Westchester County then in effect in Byler, the authorities uniformly hold that a munici *29 pality can earlier initiate the 30-day time limitation by filing, publishing and posting prior to the last date provided by statute.
Inter alia, the petitioner cites People ex rel. American Exch. Nat. Bank v. Purdy (196 N. Y. 270). There the Court of Appeals dealt with an entirely different tax statute involving taxation of shares of stock held by a bank as agent for the collection of taxes under a statute enacted to overcome a prior opinion of that court, and held that upon consideration of the ‘ ‘ peculiar circumstances ” arising from the passage of the curative act after the commencement of the proceeding and before its determination that the matter should be remitted to the Special Term with leave to the respondents there to move for leave to file a supplemental return. “ The record is imperfect, and in view of the curative act it would be dangerous to finally pass upon the rights of the parties until all the facts have been placed before us so that complete justice can be done. (Matter of Douglas v. Bd. Suprs. Westchester Co., 172 N. Y. 309, 313.) The peculiar situation requires a further and supplemental return, embracing all that has been done under said act affecting the assessment against the relator, or its stockholders. When all the facts are in the record the proper judgment can be pronounced, which will protect every right of the relator and at the same time afford the city of New York the protection which it was the intention of the legislature to provide ” (supra, p. 286).
People ex rel. American Exch. Nat. Bank v. Purdy (supra) has no applicability to the issue at bar.
Matter of Ridgeway Country Club v. Marbach (19 Misc 2d 714) holds directly contrary to the respondent’s position for it holds that the time ran from the date of the first publication of the notice and that subsequent publications do not serve to enlarge the time limited for commencing a proceeding. People ex rel. City of New York v. Hoar (191 Misc. 292), cited in Matter of Ridgeway, merely reaffirms that assessment rolls are not finally completed until the posting and publication of notice of the filing thereof.
That adherence to the time schedules may be fraught with peril is noted by Lee and LeForestier who note in their text, 1 ‘ Review and Reduction of Real Property Assessments,” (§ 2:11): “The date of filing the completed assessment roll is important since it starts the time running in which one must follow through with judicial review (Section 702(2)). The lawyer must keep current as to when the corrected roll is filed since he must allege in the petition the proceedings previously had in the matter and the result, if any, of his protest on griev *30 anee day. It must be noted that the assessors have a time limitation but they may file earlier since the date set as the limit is not mandatory (Matter of Bablo v. Andrews, 4 M 2nd 105, 157 NYS 2nd 427).”
One must also consider that the requirement of subdivision 1 of section 516 of the Beal Property Tax Law, respecting publication, notice, etc., is, at best, constructive notice of the completion and filing of the assessment roll. Publication in a parochial newspaper of limited circulation and posting on the Town’s bulletin board constitute presumed or constructive notice and, particularly so, with regard to nonresident property owners or corporate owners whose principal offices and attorneys are or may be located without the town or county. Obviously it would be preferable that there be a universal and uniform cut-off date applicable to all tax-assessing entities irrespective of the actual date of publication so that property owners and their attorneys throughout the State could diary the critical dates. However, this is a matter for the State Legislature to provide — if it is so minded — and not imposed by torturing or superseding express statutory language and the many precedents.
The respondent’s motion is granted.